In the Matter of Employees of Student Services, Inc., Edinboro State College, Edinboro, Pennsylvania. Employees of Student Services, Inc., Edinboro State College, Edinboro, Pennsylvania, Appellants.

Argued December 4, 1979, before Judges Crumlish, Jr., Mencer, DiSalle, Craig and MacPhail. President Judge Bowman and Judges Wilkinson, Jr., Rogers and Blatt did not participate.

*Angelo P. Arduini*, of *Shamp, Levin, Arduini & Hain*, for appellants.

*Christopher LePore*, with him *James L. Crawford, Susan Shinkman, Anthony C. Busillo, Mary T. Gavigan*, Assistant Attorneys General, *Daniel W. Cooper*, of *Cooper, LePore & Dreeland*, for appellee.

OPINION BY JUDGE MENCER, February 6, 1980:

Student Services, Inc. (Employer) appeals from an order of the Court of Common Pleas of Erie County which affirmed a final order of the Pennsylvania Labor Relations Board (Board). We reverse.

Employer, a nonprofit organization, operates a bookstore, bowling alley, vending machines, and other services at Edinboro State College. On December 6, 1974, the Retail Clerks Union, Local 1538, filed a petition for representation with the Board and requested, pursuant to Section 603 of the Public Employe Relations Act (PERA),[1] a hearing and an election. After several hearings, an election was held on March 4, 1976, at which time the union prevailed, following which the Board entered a nisi order of certifi-

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.603.

cation. Employer challenged both the jurisdiction of the Board and procedural deficiencies in the election process. The Board and the lower court rejected these arguments, and this appeal followed.

Employer's first argument is that it is not a public employer within the meaning of PERA and that, therefore, the Board was without jurisdiction. We agree. Section 301(1) of PERA, 43 P.S. §1101.301(1), defines "public employer", in pertinent part, as "any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational, health, educational or welfare institution receiving grants or appropriations from local, State or Federal governments." In *Brownsville General Hospital v. Pennsylvania Labor Relations Board,* 15 Pa. Commonwealth Ct. 428, 325 A.2d 662 (1974), we interpreted this section to mean that a nonprofit organization must receive grants or appropriations from local, state, or federal governments in order to qualify as a public employer. Our rationale then was that if all nonprofit organizations were deemed public employers, such an interpretation would have "the unintended result of encompassing many private employers who have chosen the non-profit form of conducting their business and who receive no governmental support." *Id.* at 434, 325 A.2d at 665. We see no reason to depart from that rationale.[2]

It is undisputed that Employer is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania. Employer is not a part of the organization of Edinboro State College, receives no contributions from the College or the State, and is not

---

[2] Although the writer of this opinion filed a dissenting opinion in *Brownsville General Hospital v. Pennsylvania Labor Relations Board, supra,* we recognize that the holding in *Brownsville* continues to be applicable to the subject matter of this lawsuit.

administered by the College. The bookstore, bowling alley, and other services provided by the employer, however, are housed in buildings owned by the Commonwealth, for the use of which Employer pays no rent. There is no written contract regarding rent. The issue, then, becomes whether this lack of rent constitutes a "grant or appropriation" by the Commonwealth, such that Employer is a public employer under PERA.

" '[T]he word "appropriation", when used in the constitutional or legislative sense . . . means a designation of money raised by taxation to be withdrawn from the public treasury for a specifically designated purpose.' " *Commonwealth v. Perkins,* 342 Pa. 529, 532, 21 A.2d 45, 48 (1941), *aff'd per curiam,* 314 U.S. 586 (1942); *Brownsville, supra* at 434, 325 A.2d at 665. Similarly, a grant requires an active transfer from a governmental unit to another entity. *See, e.g.,* Section 25 of the Local Health Administration Law, Act of August 24, 1951, P.L. 1304, *as amended,* 16 P.S. §12025; Section 404 of the Flood Plain Management Act, Act of October 4, 1978, P.L. 851, 32 P.S. §679.404; Section 6 of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §750.6.

Here, the College is foregoing or waiving a right it may have to collect rent from Employer. Although this results in some benefit to Employer, we do not believe that the legislature meant to include this factual situation within the meaning of "grants or appropriations."

Order reversed.

## ORDER

AND Now, this 6th day of February, 1980, the order of the Court of Common Pleas of Erie County, dated October 3, 1977, is hereby reversed.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.

---

DISSENTING OPINION BY JUDGE CRAIG:

I must dissent from the majority's view that Student Services, Inc. is not a public employer within the meaning of the Public Employee Relations Act (PERA), Act of July 23, 1970, P.L. 563, §301(1), *as amended,* 43 P.S. §1101.301(1). The majority opinion very correctly identifies the key issue as whether the rent-free use of the bookstore, bowling alley and other Edinboro State College premises by Student Services, Inc. constitutes the receipt of a "grant or appropriation" so as to make the corporation a public employer.

On the record, the use of those premises is essential to the functioning and business of Student Services, Inc., the employer. By thus beneficially sharing the use and occupancy of that real estate with the state college, the employer corporation is receiving a grant or appropriation from the Commonwealth just as fully as the state college itself is thus publicly supported by being provided with the real estate. To hold, as the majority seems to do, that there is no public support by grant or appropriation unless there is an official designation of money from the public treasury to the alleged recipient is narrow and seems to overlook the reality of the situation.

According to the testimony of the general manager of the employer corporation, the president of the state college sits on the Board of Directors of that corporation and, "This is not an outside corporation by any means."

One may fear that the narrow construction adopted here will give a license to state colleges and other institutions to exclude many workers from PERA coverage by forming controlled corporations to

take over the use of the public real estate and carry on essential state college functions, as illustrated by the bookstore operation here.

Although such excluded employees may then have some protection from labor laws applicable to the private sector, this court should not be inclined to class as legitimate avoidance an approach which could in fact be regarded as an evasion of the public policy purposes of PERA.