Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v*. Colie B. Chappelle, Appellee.

Colie B. Chappelle, Appellant *v*. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued November 16, 1981, before Judges WILLIAMS, JR., MacPHAIL and PALLADINO, sitting as a panel of three.

*Anthony C. Busillo, II,* with him *James L. Crawford and Mary Teresa Gavigan,* for appellant, Pennsylvania Labor Relations Board.

*Colie B. Chappelle,* appellee, for himself.

*Francis J. Connell, III, Drinker, Biddle & Reath,* for intervenor, Defender Association of Philadelphia.

OPINION BY JUDGE WILLIAMS, JR., February 26, 1982:

This is an appeal from a decision of the Court of Common Pleas of Philadelphia County. The court concluded that the Pennsylvania Labor Relations Board (Board) lacked jurisdiction to hear and determine appellant Colie B. Chappelle's charges of unfair labor practices, and accordingly dismissed the action.

Chappelle was formerly employed as a staff attorney by the appellee, Defender Association of the City of Philadelphia (Defender Association). Appellant filed a complaint with the Board wherein he alleged that the Defender Association had discharged him for engaging in union activities in violation of Section 1201 of the Public Employe Relations Act (PERA).[1]

Following a hearing, the Board entered a Nisi Decision and Order, finding that it had jurisdiction over the Defender Association, but that the charges of unfair labor practices were unsubstantiated. Both par-

---

[1] Act of July 23, 1970, P.L. 563, No. 195, §1201, 43 P.S. §1101.1201.

ties filed exceptions to the Nisi Decision and Order, which exceptions were dismissed by a final order entered by the Board on July 31, 1975.

A petition for review of the Board's final order was filed in the Court of Common Pleas of Philadelphia County. On May 8, 1979 that court entered an order and opinion dismissing Chappelle's action, finding that the Board lacked jurisdiction because the Defender Association was not a public employer within the meaning of the PERA. Both Chappelle and the Board have appealed to this court.

The Defender Association is a nonprofit organization which provides legal representation to indigent criminal defendants. Prior to 1969, it was a private charitable organization which derived its funds solely from membership dues and contributions. In 1969, the City of Philadelphia, in order to fulfill its constitutional duty to provide legal representation to indigent criminal defendants,[2] entered into a contract with appellee for the purchase of legal services. Since that date, ninety percent (90%) of the Defender Association's annual budget has been funded by the City of Philadelphia under the aforesaid contract. The remaining ten percent (10%) of the organization's budget is funded by other governmental sources.

Section 301(1) of the PERA[3] defines "public employer" as follows:

"Public employer". means the Commonwealth of Pennsylvania, its political subdivisions including school districts and any officer, board, commission, agency, authority, or other instrumentality thereof and any nonprofit organization or institution and any charitable, religious, scientific, literary, recreational,

---

[2] See, Gideon v. Wainwright, 372 U.S. 335 (1973).
[3] 43 P.S. §1101.301(1).

health, educational or welfare institution receiving grants or appropriations from local, State or Federal governments but shall not include employers covered or presently subject to coverage under the act of June 1, 1937 (P.L. 1168), as amended, known as the 'Pennsylvania Labor Relations Act,' the act of July 5, 1935, Public Law 198, 74th Congress, as amended, known as the 'National Labor Relations Act.' (Footnotes omitted).

In *Brownsville General Hospital v. Pennsylvania Labor Relations Board*, 15 Pa. Commonwealth Ct. 428, 325 A.2d 662 (1974), we concluded that the words of limitation, "receiving grants or appropriations," were intended by the legislature to modify the phrase, "any nonprofit organization or institution." We thereby interpreted Section 301(1) to mean that a nonprofit organization must receive grants or appropriations from the delineated governmental bodies in order to qualify as a public employer. Our rationale was that if all nonprofit organizations were deemed public employers, such an interpretation would have "the unintended result of encompassing many private employers who have chosen the nonprofit form of conducting their business and who receive no governmental support." *Id.*, at 434, 325 A.2d at 665. We adhered to this interpretation in *Employees of Student Services, Inc. Appeal*, 49 Pa. Commonwealth Ct. 220, 411 A.2d 569 (1980).

The court below relied upon the interpretation of Section 301(1) we enunciated in *Brownsville*, and concluded that the monies received by the Defender Association were not "appropriations," but rather reimbursement for services rendered. This determination was premised upon the distinction we have drawn between a direct appropriation for a nonprofit organization's own use, and a reimbursement for services

rendered, "which in effect is an appropriation to the individual for whom such services have been rendered." *Brownsville, supra,* at 435, 325 A.2d at 666. *See also, Beth Jacobs Schools of Philadelphia v. Pennsylvania Labor Relations Board,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 715 (1973). The court reasoned that these payments constituted the cost of a governmental duty, and hence were appropriations to the individual defendants represented by the Defender Association.[4]

Subsequent to the entry of the lower court's order and opinion in this matter, this Court's interpretation of Section 301(1) was reviewed by our Supreme Court in *In the Matter of Employees of Student Services, Inc.,* 495 Pa. 42, 432 A.2d 189 (1981).[5] There, the Court held that Section 301(1) explicitly brings a nonprofit organization within its purview, regardless of whether such organization receives grants or appropriations from local, state, or federal governments.

Instantly, it is undisputed that the Defender Association of Philadelphia is a nonprofit organization. As a result of our Supreme Court's decision in *Employees of Student Services,* it is therefore a "public employer" over which the Pennsylvania Labor Relations Board has jurisdiction. Accordingly, we reverse the decision of the court below and remand the case to that court for a determination, on the merits, of Colie B. Chappelle's appeal from the decision of the Board.

---

[4] *See, Schade v. Allegheny County Institution District,* 386 Pa. 507, 126 A.2d 911 (1956).

[5] A request for review by the Supreme Court was made and granted in *Brownsville.* During the pendency of the appeal to that Court, the Congress of the United States amended the National Labor Relations Act in such a manner as to bring Brownsville General Hospital within the jurisdiction of the National Labor Relations Board. Thus, the appeal was dismissed as moot on October 30, 1975. *In the Matter of Employees of Brownsville General Hospital,* 464 Pa. 151, 346 A.2d 260 (1975).

42

#### ORDER

AND NOW, the 26th day of February, 1982, the order of the Court of Common Pleas of Philadelphia County dated May 8, 1979 is hereby reversed and the case is remanded for a determination, on the merits, of Colie B. Chappelle's appeal from the decision of the Pennsylvania Labor Relations Board.

Judge PALLADINO did not participate in the decision in this case.