646 A.2d 674

The COUNTY OF BERKS, ex rel. Mark C. BALDWIN, District Attorney, Petitioner,

v.

PENNSYLVANIA LABOR RELATIONS BOARD and United Steelworkers of America, Local 3733, Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1994.

Decided Aug. 3, 1994.

Mark C. Baldwin, Dist. Atty., and J. Allen Daringer, Sp. Asst. County Sol., for petitioner.

John B. Neurohr, for respondents.

Joseph Lurie, for intervenor.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

COLINS, Judge.

Presently before this Court are two identical sets of preliminary objections filed by the Pennsylvania Labor Relations Board (Board) and the United Steelworkers of America, Local 3733 (Steelworkers) to the petition for review filed in this Court's original jurisdiction by the County of Berks, *ex rel.* Mark C. Baldwin, District Attorney (Baldwin).

Baldwin seeks declaratory and injunctive relief to prevent the Board from applying the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S.

§ 1101.101–1101.2301 to assistant district attorneys and assistant public defenders in Berks County (County). The Board certified a bargaining unit consisting of assistant district attorneys and assistant public defenders in October 1991, and, thereafter, in October 1992, the County and the Steelworkers entered into a one-year contract. There is presently pending before the Board a petition for unit clarification filed by the County, which petition asserts that it is inappropriate to combine assistant district attorneys and assistant public defenders in one collective bargaining unit. There is also pending before the Board a charge of unfair labor practice filed by the Steelworkers, which charge alleges that the County has unlawfully refused to bargain with the Steelworkers.

The petition for review contains four counts. Count 1 alleges that the collective bargaining unit consisting of assistant district attorneys and assistant public defenders violates criminal defendants' Sixth Amendment right to effective assistance of counsel. Count 2 alleges that application of the Act to this matter violates the "exclusive jurisdiction in the Supreme Court of Pennsylvania for the supervision of the conduct of attorneys[ ]" and violates the rules of professional conduct applicable to attorneys. Count 3 alleges that assistant district attorneys and assistant public defenders are either management level or confidential employees not entitled to the protections of the Act. Count 4 alleges that the district attorney is, with the County, a joint employer and that the district attorney, therefore, must be permitted to intervene in the proceedings before the Board.

The Board and the Steelworkers demur to each count of the petition for review.

Initially, we note that a preliminary objection in the nature of a demurrer admits as true every fact which is well pled and all inferences reasonably deducible therefrom. In ruling on a preliminary objection in the nature of a demurrer, the court's role is to determine whether the facts pled are legally sufficient to permit the action to continue. In order to sustain such a preliminary objection, it must appear with certainty upon the facts pled that the law will not

permit recovery. Where any doubt exists as to whether the preliminary objection should be sustained, that doubt should be resolved by a refusal to sustain it.

*Norbert v. Commonwealth*, 148 Pa.Commonwealth Ct. 505, 509–10, 611 A.2d 1353, 1355 (1992) (citations omitted). The Board and Steelworkers demur to Counts 1, 2, and 3, alleging that Baldwin has failed to exhaust administrative remedies and alleging res judicata. They demur to Count 4, alleging "[failure] to state a claim upon which this Court may grant relief because [Baldwin], as a matter of law, is not entitled to intervene as a party in the proceedings before the Board."

■ We sustain the Board's and the Steelworkers' demurrers to Counts 1, 2, and 3, because we agree that Baldwin has failed to exhaust administrative remedies. Issues identical to the ones in this matter are pending before the Board, and the administrative process, which can culminate in appellate review of the Board's decision, adequately protects Baldwin's rights. If he is aggrieved by the decision of the hearing examiner, he can file exceptions to that decision with the Board, pursuant to 34 Pa.Code § 95.98, and if he is aggrieved by the Board's decision, he can appeal to the court of common pleas pursuant to 42 Pa.C.S. § 933(a)(1)(vii). We further agree that this matter

> is not a matter involving a frontal attack on the constitutionality of an enabling act wherein the courts of this Commonwealth have exercised jurisdiction, as in *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974). Neither is the attack on the Act such that we should prematurely interrupt the administrative process, as in *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982).

*Commonwealth ex rel. Nicholas v. Pennsylvania Labor Relations Board*, 156 Pa.Commonwealth Ct. 498, 504, 628 A.2d 485, 488 (1993).[1]

---

1. The Board and Steelworkers also demur to Counts 1, 2, and 3, alleging res judicata based on a June 10, 1993 per curiam order of the Supreme Court of Pennsylvania granting Baldwin's application for leave to file original process and denying his application for extraordi-

We also sustain the Board's and Steelworkers' demurrer to Count 4, because we agree that it fails to state a claim upon which relief may be granted. Section 1620 of The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1620, provides that county commissioners are to represent management in proceedings before the Board. The words of Section 1620 of the County Code are clear:

> The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid by the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.

Accordingly, the preliminary objections of the Pennsylvania Labor Relations Board and the United Steelworkers of America, Local 3733, to the petition for review filed by the County of Berks *ex rel.* Mark C. Baldwin, District Attorney, are sustained, and the petition for review is dismissed.

## ORDER

**AND NOW,** this 3rd day of August, 1994, the preliminary objections of the Pennsylvania Labor Relations Board and the United Steelworkers of America, Local 3733, to the petition

nary relief and his ex parte application for stay of proceedings. We will not address this issue, because we have already concluded that the demurrer to Counts 1, 2, and 3 should be sustained for failure to exhaust administrative remedies.

for review filed by the County of Berks *ex rel.* Mark C. Baldwin, District Attorney, are sustained, and the petition for review is dismissed.

PELLEGRINI, Judge, concurring and dissenting.

I respectfully dissent because I do not believe that the District Attorney has an adequate remedy at law for his claim that combining district attorneys and public defenders in one bargaining unit is constitutionally infirm and a violation of the Professional Rules of Conduct.

After the County of Berks (County) and the United Steelworkers of America, Local 3733 (Union) stipulated that the bargaining unit be composed of assistant district attorneys and assistant public defenders, the Pennsylvania Labor Relations Board (PLRB) certified the Union as their exclusive bargaining representative. The County and the Union negotiated a collective bargaining agreement for calendar year 1992 that set forth wages, hours and working conditions. Under the agreement, the county commissioners are the exclusive managerial bargaining representative to enter into a collective bargaining agreement for the assistant district attorneys as well as the assistant public defenders.

While negotiating the successor contract, the County suspended negotiations and filed with the PLRB a unit clarification petition contending that:

- assistant district attorneys should be excluded from the bargaining unit because bargaining by the County for these employees unconstitutionally infringes upon the authority of the District Attorney;

- the bargaining unit consisting of both assistant district attorneys and assistant public defenders would result in violations of the Rules of Professional Conduct and the unconstitutional effective assistance of counsel; and

- assistant district attorneys are confidential and/or management employees and excluded from the bargaining unit under the Act.

The District Attorney sought to intervene, but the PLRB denied permission because Section 1620 of the County Code,[1] 16 P.S. § 1620, gives the county commissioners the exclusive right to bargain on behalf of all elected or appointed county officers. Because the District Attorney had no right to bargain, the PLRB held that he had no right to participate in the unfair labor practice. No appeal was taken from that determination.

The County and the District Attorney then filed a four count Petition for Review in our original jurisdiction seeking declaratory and injunctive relief to have the PLRB cease and desist from applying the Pennsylvania Employer Relations Act [2] to assistant district attorneys and assistant public defenders for the same reason that the County alleged in its unfair labor practice before the PLRB. The PLRB and the Union have filed a number of preliminary objections, including the failure to exhaust administrative remedies, as well as a lack of standing on the part of the District Attorney to maintain the action because he is not a statutorily defined bargaining representative under the County Code.

I agree with the majority that the petition should be dismissed as to the County for failure to exhaust its administrative remedies in the unfair labor practice before the PLRB. Because the county commissioners are the exclusive bargaining representative for all county employees under Section 1620 of the County Code, I also agree with the majority that the District Attorney cannot maintain an action in our original jurisdiction for Counts 3 and 4 relating to whether assistant district attorneys are management and/or confidential employees and ineligible for inclusion in the bargaining unit. However, because the District Attorney has no adequate administrative remedy, I would dismiss the PLRB's and the Union's preliminary objection to Count 1 in which the District Attorney claims that a violation of a criminal defendant's sixth

1. Act of August 9, 1955, P.L. 323, *as amended.*
2. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

amendment rights to counsel are violated by the Board's certifying assistant district attorneys and assistant public defenders in the same bargaining unit. For the same reason, I would dismiss the preliminary objection to Count 2 in which it is claimed that a unit composed of assistant district attorneys and assistant public defenders makes likely the potential disclosure of confidential information between opposing counsel as well as a potential conflict of interest, both in direct violation of the Rules of Professional Conduct.

District attorneys, as independent elected officials, can challenge any action of the PLRB that they believe interferes with their responsibilities to properly and ethically carry out their functions as district attorneys. Because the County Code makes the county commissioners the exclusive bargaining agent for employees of row officers and judges, the District Attorney has a right to challenge any action taken in a contract or by the PLRB that he believes is unconstitutional or, as here, may result in criminal defendants not receiving the effective assistance of counsel. These counts go to the fairness of trial that the District Attorney is obligated to see that a criminal defendant receives. By not being a bargaining representative, the District Attorney has not failed to exhaust any available administrative remedy, and his right to protect his office is not obliterated just because of a unit certification agreed to by other parties. Accordingly, I would dismiss the PLRB's and the Union's preliminary objections to Counts 1 and 2.