**TEAMSTERS LOCAL 771, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 12, 2000.
Decided Oct. 5, 2000.

Joseph P. Milcoff, Harrisburg, for petitioner.

Jack E. Marino, Harrisburg, for respondent.

Susan R. Friedman, Lancaster, for intervenor, County of Lancaster.

BEFORE: KELLEY, Judge, FLAHERTY, Judge (P.), RODGERS, Senior Judge.

KELLEY, Judge.

Teamsters Local 771 (Union) petitions for review of an order of the Pennsylvania

Labor Relations Board (Board). The Board sustained in part exceptions to a Hearing Examiner's Proposed Decision and Order (PDO), and vacated the PDO due to the Hearing Examiner's conclusion that the County Commissioners of Lancaster County (Commissioners) committed an unfair labor practice. The Board held that the Union failed to charge the proper party with the unfair practice, and that the Commissioners, as the charged party, had committed no such unfair practice. We affirm.

On August 7, 1998, the Court Administrator for the Court of Common Pleas of Lancaster County (Lancaster Court), Mark Dalton (Dalton), called Tina Moore (Moore), a Union member and professional employee of the Lancaster Court, to a meeting to discuss a complaint received by Dalton from the executive director of the local bar association. Moore, believing that the meeting may result in disciplinary action, requested Union representation at the meeting. Dalton refused that request, stating that because the matter was a disciplinary one, Moore was not entitled to Union representation. At the ensuing meeting, Moore refused to answer Dalton's questions. Dalton suspended Moore for the remainder of that day. On August 10, 1998, Moore met again with Dalton and repeated her request for Union representation, which was again denied by Dalton. After Moore again refused to answer Dalton's questions, Dalton informed her that she would be required to apologize to the executive director of the bar association. Moore complied with that request and sent her apology that day.

On September 10, 1998, Union filed an unfair labor practice charge with the Board. Union's charge listed as respondents in the caption of the charge "Mark Dalton, Court Administrator, Lancaster County Commissioners (Court–Appointed Professional Employees)", but in the body of the charge listed only "Lancaster County Commissioners" as the respondent/employer. Reproduced Record (R.R.) at 2a. The charge alleged, *inter alia*, that the "[e]mployer, through its representative, Mark Dalton", committed unfair practices in violation of the Pennsylvania Employe Relations Act (PERA) [1] by denying Moore Union representation during her meetings with Dalton. R.R. at 3a. Union did not name the Lancaster Court as a respondent or allege that the Lancaster Court had committed unfair practices. The Board thereafter issued a complaint and notice of hearing against "Lancaster County". R.R. at 4a. Intervenor Lancaster County (Commissioners) answered, denying that the Commissioners had committed unfair practices. The parties thereafter agreed to submit the matter on stipulations, joint exhibits, and briefs to a Hearing Examiner. On March 24, 1999, the Hearing Examiner issued a PDO finding, *inter alia*, that Dalton's denial of Moore's request for Union representation during an investigatory interview was an unfair practice under Section 1201(a)(1) of PERA. [2] The Commissioners thereafter filed with the Board exceptions to the PDO. The Board sustained the exceptions in relevant part, vacating the PDO conclusion that the Commissioners committed an unfair prac-

---

**1.** Act of July 23, 1970, P.L. (1965) 1535, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

**2.** 43 P.S. § 1101.1201. Section 1201(a)(1) of PERA provides:

Section 1201. (a) Public employers, their agents or representatives are prohibited from:
(1) Interfering, restraining or coercing employes in the exercise of the *rights guaranteed in Article IV of this act.*
Article IV, Section 401 of PERA provides:

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement. 43 P.S. § 1101.401.

tice on the basis that: the only respondents charged in the Union action were the Commissioners; Dalton, as a supervisor whose authority is derived from the Lancaster Court, is not the "public employer" for purposes of Section 301(1) of PERA[3]; the public employer of court-appointed employees for purposes of Section 301(1) is the Lancaster Court; Union did not name the Lancaster Court as a respondent, or allege that the Lancaster Court was responsible for the action of its agent, Dalton, and; the action complained of in the Union's complaint was not taken by the Commissioners, and therefore the Hearing Examiner's finding of an unfair practice by the Commissioners must be vacated. Union's petition for review to this Court followed.[4]

The dispositive issue in this case is whether the Board erred in vacating the Hearing Examiner's PDO on the basis that Union did not name the proper party in its charge of unfair practices. As their primary argument, Union cites the Hearing Examiner's discussion of *City of Reading v. Pennsylvania Labor Relations Board,* 689 A.2d 990 (Pa.Cmwlth.1997), which the Hearing Examiner and Union contend stands for the proposition that Moore's right to representation in the investigatory interview stems from an employee's right to organize. The Union argues that the Commissioners are the sole and exclusive representatives of the Lancaster Court and its employees on such organizational issues pursuant to Section 1620 of the County Code,[5] and were therefore proper-

ly named in Union's charge.[6] Section 1620 reads, in relevant part:

That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employees paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.

16 P.S. § 1620.

We disagree with the Hearing Examiner's, and Union's, reading of *Reading* as applied to the facts of this case. In *Reading,* we addressed an unfair practice charge filed by a police officer against the City of Reading under the Pennsylvania Labor Relations Act (PLRA).[7] While we did mention PLRA's express public policy of encouraging "self-organization" in *Reading,* we ultimately grounded that police officer's right to representation in an investigatory interview in PLRA's policy of encouraging the "designation of representatives for the mutual aid or protection" of employees within PLRA's purview, and not in PLRA's promotion of self-organization. *Reading,* 689 A.2d at 992.

3. 43 P.S. § 1101.301. Section 301(1) of PERA reads, in relevant part: " 'Public employer' means the Commonwealth of Pennsylvania, its political subdivisions including ... any officer, board, commission, agency, authority, or other instrumentality thereof ..."

4. This Court's scope of review of the Board's final order is limited to determining whether the Board's factual findings are supported by substantial evidence and whether its legal conclusions are reasonable, and not arbitrary, capricious, or incorrect as a matter of law. *Moshannon Valley School District v. Pennsylvania Labor Relations Board,* 142 Pa.Cmwlth.

270, 597 A.2d 229 (1991), *petition for allowance of appeal denied,* 530 Pa. 662, 609 A.2d 170 (1992).

5. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1620.

6. Union does not allege that any unfair practice was actually committed by the Commissioners.

7. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13.

Most significantly, however, the instant issue is controlled not by PLRA but by Section 1620 of the County Code. Section 1620 is distinctly distinguishable from PLRA's operation in that Section 1620 establishes sharply delineated, employer/representative designations for differing purposes. Under the plain language of Section 1620, the Commissioners are the representatives of the Lancaster Court, and its employees, for representation proceedings and collective bargaining negotiations only, while the power to hire, discharge, and supervise court employees is expressly and exclusively reserved to the Lancaster Court.

Our Supreme Court laid the foundation for interpreting the representative/employer distinction between county commissioners and the court articulated in Section 1620 in *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). *Ellenbogen* serves as an illustration of the type of "representation proceeding" under Section 1620 that is intended to fall under county commissioners' managerial representation: a dispute over competing union representation petitions, encompassing issues such as the election of a representative union by organizing employees and the selection thereby of a collective bargaining representative. *Id.* at 479 Pa. 429–31, 388 A.2d 730–32. *Ellenbogen* specifically held that county commissioners' role as the exclusive management representatives for the courts under PERA in no way diminished the rights of the courts to hire, discharge, and supervise court employees. *Id.* The Court also pointed out that the matters within the commissioners' representative purview ultimately concerned the financial terms of employment, which matters did not affect the judges' exclusive discharge and supervisory authority of its employees. *Id.* In interpreting Section 1620, the Supreme Court has consistently designated county commissioners as managerial representatives without the power to interfere with the judiciary's supervisory powers as the public employers of court personnel. *Ellenbogen. See also Bradley v. Pennsylva-*

*nia Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d 740 (1978) (*Sweet II* ); *Bucks County Board of Judges v. Bucks County Commissioners,* 479 Pa. 457, 388 A.2d 744 (1978). Additionally, this Court has specifically noted that a court administrator such as Dalton is not the public employer for purposes of unfair practice charges under PERA regarding court-related employees' discharges. *Teamsters Local 115 v. Pennsylvania Labor Relations Board,* 152 Pa.Cmwlth. 394, 619 A.2d 382 (1992), *petition for allowance of appeal denied,* 535 Pa. 671, 634 A.2d 1119 (1993) (citing *Beckert v. AFSCME,* 56 Pa.Cmwlth. 572, 425 A.2d 859 (1981)).

■ We are aware of no authority for the proposition that "representation proceedings" as used in Section 1620 was intended to apply to the representation of an employee by a union official in an investigatory interview with the employee's supervisor, as opposed to the representation of organizing employees by a union, and in collective bargaining-related disputes before the Board. Such investigatory interviews are clearly supervisory functions exclusively reserved to the court as employer under Section 1620.

Union argues that, under *County of Berks v. Pennsylvania Labor Relations Board,* 166 Pa.Cmwlth. 375, 646 A.2d 674 (1994), *aff'd in part, rev'd in part,* 544 Pa. 541, 678 A.2d 355 (1996), the Commissioners are to represent management employees, such as Dalton, in all proceedings before the Board. Again, Union appears to miscomprehend the nature of the "representation proceedings" referenced in Section 1620. *Berks* was a collective bargaining dispute, centering on the certification of a bargaining unit and the representation of employees by that unit. Such issues, as noted above, are clearly the province of the Commissioners under Section 1620. The instant case, however, implicates only the supervisory power of the

judiciary over it employees, which, with equal clarity, is an arena solely occupied by the judiciary to the express exclusion of the Commissioners by the plain language of Section 1620.[8] As our Supreme Court has written:

> [T]he power to appoint necessary personnel is inherent in the judicial power. The authority to supervise and to discharge court-appointed employees is not only a necessary corollary to this appointment power but also is essential to the maintenance of an independent judiciary.

*County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 275, 489 A.2d 1325, 1327 (1985) (citations omitted).

Union next asserts that the Board erred in finding that the Commissioners were the only party charged with unfair practice, due to the fact that Union named Dalton in the caption of its charge to the Board. A careful review of the record in this case indicates that Union never properly charged Dalton, and that Union failed to object to the Board's issuance of an unfair practice complaint against only the Commissioners.

In its original charge to the Board, Union captioned its action "Mark Dalton, Court Administrator, Lancaster County Commissioners (Court–Appointed Professional Employees)". R.R. at 2a. In the body of the charge, Union listed as the respondent/employer only "Lancaster County Commissioners". *Id.* Union did not check the "more than one respondent" block of the charge form, nor did it attach a separate sheet listing any additional respondents, as required by the plain lan-

guage of the charge form. Union did not name the Lancaster Court as a respondent, and also failed to allege that the Lancaster Court had committed unfair practices. The Board thereafter issued a complaint and notice of hearing against "Lancaster County"[Commissioners]. R.R. at 4a. The Commissioners timely answered, denying that the Commissioners had committed unfair practices, and objecting to Union's naming of Dalton in Union's original charge title. R.R. at 6a.

■ Notwithstanding the fact that the Board did not name either Dalton or the Lancaster Court in its complaint, and notwithstanding the Commissioners' answer to the Board's complaint clearly objecting to the parties named by both the Board in its complaint and by Union it its original charge, Union did nothing. Union did not object in any way to the Board for its issuance of the complaint in only the Commissioners' name, and Union did not file any additional charges against either Dalton or the Lancaster Court. In the wake of originally charging the wrong party, Union took no steps to correct its mistake, to respond to the Board's issuance of a complaint against only the Commissioners, or to issue a new complaint against the proper party. Union made no motion to amend the complaint after its issuance by the Board. The Hearing Examiner found an unfair practice only against the Commissioners, and not against Dalton. Union did not file exceptions to the Hearing Examiner's PDO. Union's failure to object to the Board's issued complaint, and its failure to file exceptions to the Hearing Ex-

---

8. We find it instructive to note that, if the Hearing Examiner's conclusion that the Commissioners, through Dalton, committed an unfair practice were accepted, the granted relief of the issuance of a cease and desist order could not be effectuated by the Commissioners. Notwithstanding the public employer issue, the above-cited Supreme Court precedent makes clear that the type of supervisory control required to effectuate a cease and desist order is vested solely in the court. The Commissioners are simply without the authority to direct court personnel actions in the manner required by a cease and desist order. *Ellenbogen. Accord National Labor Relations Board v. Doug Neal Management Co.,* 620 F.2d 1133 (6 th Cir.1980) (After unfair labor practice violation was found by the National Labor Relations Board, Court of Appeals denied enforcement because of the union's failure to name an indispensable party in whose absence complete relief could not be obtained.)

aminer's finding of an unfair practice against only the Commissioners, constitute a waiver of those issues. *Township of Upper Saucon v. Pennsylvania Labor Relations Board*, 152 Pa.Cmwlth. 530, 620 A.2d 71 (1993)(issues not raised in exceptions filed with the Board are waived for purposes of appeal); *Upper St. Clair Police Officers Association v. Pennsylvania Labor Relations Board*, 689 A.2d 362 (Pa. Cmwlth.), *petition for allowance of appeal denied* 549 Pa. 721, 701 A.2d 580 (1997)(where complainant prevails only in part before a hearing examiner and fails to file exceptions, it waives appellate review of portion of charge that was not sustained by examiner).

 Union also contends that the complaint, which was issued by the Board Secretary in response to Union's charge, should have been amended by the Board if Union had charged the wrong party, pursuant to Section 1302 of PERA.[9] The Board's power·to amend, however, is discretionary. The Board is under no obligation to add parties, *sua sponte*, that have not been charged by a complainant. Unlike the National Labor Relations Board, the Board neither independently investigates pre-complaint charges, nor does it prosecute those complaints. The institution of unfair practice charges is fueled entirely by complainants, with the Board providing a forum for the filing, prosecution, and defense of those charges *by the parties.* We agree with the Board's assertion, in its brief, that judicial assignment of the Board with the duty to independently designate additional uncharged respondents on the basis of uninvestigated unfair practice allegations would be a dangerous precedent, and would cast the Board in the role of coach or assistant to complainants.

 Union next asserts that, if the Lancaster Court is the public employer of Moore under Section 1620 of the County Code and PERA, the actions of Dalton should have been imputed to the Lancaster Court pursuant to Section 1201(a)(1) of PERA, and the Lancaster Court was thereby properly charged.[10] While Union's argument on this point may have had merit had the Board actually issued a complaint against Dalton, the argument must fail in light of Union's failure to properly charge Dalton, and the Board's concomitant issuance of a complaint against the Commissioners only. To impute Dalton's actions to a party that has not been charged, has had no notice of any charge, and has not been provided with an opportunity to be heard offends all notions of due process that are afforded in administrative proceedings.[11] *See Public Service Water Co. v. Pennsylvania Public Utility Commission*, 165 Pa.Cmwlth. 463, 645 A.2d 423 (1994).

 Union further argues that the Board erred in refusing to rely on the stipulation made between Union and the Commissioners that "[t]he Employer is

---

9. 43 P.S. § 1101.1302. Section 1302 reads:
 Whenever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board, or any member or designated agent thereof, shall have authority to issue and cause to be served upon such person a complaint, stating the charges in that respect, and containing a notice of hearing before the board, or any member or designated agent thereof, at a place therein fixed, not less than five days after the serving of said complaint. Any such complaint may be amended by the board, member or agent conducting the hearing at any time prior to the issuance of an order based thereon ...

10. 43 P.S. § 1101.1201(a)(1). Section 1201(a)(1) reads:
 (a) Public employers, their agents or representatives are prohibited from:
 (1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

11. We note that, notwithstanding Union's citations of numerous cases in which an employee's unfair practices have been imputed to an employer, we are aware of no authority for imputing such actions to a party that has not been charged, and is therefore not before the court.

Lancaster County [Commissioners], a political subdivision." R.R. at 9a. We disagree. As this Court has previously noted, the Board does not abuse its discretion in disregarding a stipulation of the parties when such disregard by the Board is in deference to a valid statutory provision. *Appeal of Employees of Student Services, Inc.*, 62 Pa.Cmwlth. 126, 435 A.2d 297 (1981). In the case *sub judice,* as we noted above, Section 1620 specifically provides that the Commissioners' representative powers over court employees "shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employees as may be vested in the judges or other county officers." 16 P.S. § 1620. We can envision no clearer example of the discharge or supervisory rights of a court over its employees than an investigation into alleged employee misconduct, and the addressing of said misconduct by supervisory court personnel, such as Dalton, with the employee. As Section 1620 designates the court as the public employer in discharge and supervisory matters, the Board did not err in disregarding the parties' stipulation.

Finally, Union argues that it named the Commissioners as respondents in its charge in reliance on the Board's decision in *Pennsylvania Social Services Union,* 12 Pa. Pub. Empl. Rep. ¶ 12001(LRP)(PLRB, November 26, 1980), which purportedly stated that the courts are not to be involved in the litigation of unfair practices. A cursory review of unfair practice decisions decided after *Pa. Social Services,* and the charges therein, reveal numerous Board and Commonwealth Court decisions in which courts have been charged with unfair practices under PERA. *See, e.g., Teamsters Local 115* (Board had jurisdiction to hear unfair practice charge filed by Teamsters against Court of Common Pleas of Philadelphia County); *Dauphin County Peace Officers Association, Local 1251 U.P.A. v. Dauphin County Court of Common Pleas,* 27 Pa. Pub. Empl. Rep.

¶ 27175 (LRP) (PLRB July 19, 1996) (Board issued complaint charging Court of Common Pleas of Dauphin County with unfair practices under PERA).

Support for Union's reliance on published Board opinion is further eroded by the language of the Board in *Lebanon County Detectives Association v. Lebanon County,* 29 Pa. Pub. Empl. Rep. ¶ 29005 (LRP) (PLRB Nov. 18, 1997), in which the Board dismissed a union charge of unfair practice not brought against the appropriate governmental unit:

> The commissioners had no role in the performance of these duties by the sheriff ... [The] specification of charges appears to have been targeted at the sheriff although the sheriff was not ... charged with the commission of an unfair practice ... [I]t is critical ... in unfair practice charges regarding activity subsequent to the negotiation of a collective bargaining agreement ... for a complainant to charge the public employer which allegedly committed the acts complained of, rather than the county commissioners as the Act 115 designated managerial representative for purposes of negotiating an agreement where the commissioners were not alleged to be an actor in the commission of the unfair practice. In this context, the county commissioners are not the operative public employer where the activity complained of is that of the row official ...

*Id.* In light of the more recent published Board opinions noted, we find Union's argument on this point unpersuasive.

Due to our determination that the Board did not err in vacating the PDO on the ground that no unfair practice was committed by the Commissioners, and on the ground that Union failed to properly charge either Dalton or the Lancaster Court, we need not address the remainder of Union's issues.[12]

Accordingly, we affirm.

**12.** Union additionally argues that professional

court-appointed employees, represented by

**504**

## *ORDER*

AND NOW, this 5th day of October, 2000, the order of the Pennsylvania Labor Relations Board, dated August 17, 1999 at PERA–C–98–403–E, is affirmed.

employee organizations, are entitled to union representation during investigatory interviews, and that the Commissioners committed an unfair practice in light of the existence of that right to representation. We emphatically note that this opinion does not address the merits of whether or not a court-related employee is entitled to union representation in investigatory interviews, notwithstanding the above analysis of the court's hiring, discharge, and supervisory powers.