# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Honorable Maria Musti Cook,      :
in her official capacity as the      :
President Judge of the Court of      :
Common Pleas of York County,      :
Nineteenth Judicial District; and      :
The Court of Common Pleas of      :
York County,      :
                      Petitioners      :
                            :
             v.      :      No. 161 M.D. 2021
                            :      Argued: September 13, 2023
                            :
The Pennsylvania Labor Relations      :
Board; and SEIU Local 668 PSSU,      :
                 Respondents      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE ELLEN H. CEISLER, Judge
                  HONORABLE LORI A. DUMAS, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: April 5, 2024**

Before the Court is the Application for Summary Relief (Application) pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b), filed by The Honorable Maria Musti Cook, in her official capacity as President Judge of the Court of Common Pleas of York County, Nineteenth Judicial District, and the Court of Common Pleas of York County (Common Pleas) (together, Petitioners).

Petitioners seek, through their "Petition for Review in the Nature of an Appeal and, Alternatively, An Action for Declaratory Judgment" (Petition) filed in this Court's original jurisdiction, to have this Court vacate an Order issued by the Pennsylvania Labor Relations Board (Board) because the Board lacked jurisdiction and remand the matter for the Board to dismiss the underlying unfair labor practice complaint (Complaint) for lack of jurisdiction. This Court previously denied an application for summary relief filed by the Board and Service Employees International Union, Local 668, Pennsylvania Social Services Union (SEIU), the union that filed an unfair labor charge against Petitioners, (together, Respondents), in *Cook v. Pennsylvania Labor Relations Board*, __ A.3d __ (Pa. Cmwlth., No. 161 M.D. 2021, filed November 2, 2022) (*Cook I*). Relying on this Court's reasoning in *Cook I* for denying Respondents' application for summary relief, Petitioners now assert that they are entitled to summary relief because it is clear as a matter of law that the Board lacked jurisdiction to issue the Complaint and its doing so violated the separation of powers doctrine.[1] Based on our reasoning in *Cook I*, Petitioners have established a clear

---

[1] As stated in *Cook I*,

> [a]pplications for summary relief are governed by Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b). It provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may[,] on application[,] enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). Summary relief is reserved for disputes that are legal rather than factual, and we resolve all doubts as to the existence of disputed material fact against the moving party. *Rivera v. Pa. State Police*, 255 A.3d 677, 681 (Pa. Cmwlth. 2021). "An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute." *Leach v. Turzai*, 118 A.3d 1271, 1277 n.5 (Pa. Cmwlth. 2015), *aff'd*, 141 A.3d 426 (Pa. 2016).

> . . . .

**(Footnote continued on next page…)**

right to judgment, and we therefore grant the Application and declare that the Board lacked jurisdiction to issue the Complaint. Because this declaration resolves the appellate portion of the Petition, which was also based on the Board's lack of jurisdiction, we lift the stay of that part of the Petition entered in *Cook I* and vacate the Board's Order on the basis that the Board lacked jurisdiction to issue the Complaint in the first instance.

Petitioners allege, in pertinent part, the following.[2] In February 2018, an adult probation officer (Probation Officer) was reprimanded by Common Pleas "for failing to follow court procedures, failing to debrief his supervisor following an incident, and failing to submit a written incident report within 72 hours of an incident." (Petition ¶ 13.) SEIU filed a grievance on Probation Officer's behalf. (*Id.* ¶ 15, Ex. C.) In reviewing the grievance, the Director of Probation Services increased the discipline from a written reprimand to a two-day suspension, citing the

---

The purpose of the Declaratory Judgments Act "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and [it] is to be liberally construed and administered." Section 7541 of the Declaratory Judgments Act, 42 Pa.C.S. § 7541. "Declaratory judgment as to the rights, status or legal relationships is appropriate only where an actual controversy exists." *Eleven* [*Eleven*] *Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017) (citing *McCord v. Pennsylvanians for Union Reform*, 136 A.3d 1055 (Pa. Cmwlth. 2016)). "An actual controversy exists when litigation is both imminent and inevitable and the declaration sought will practically help to end the controversy between the parties." *McCord*, 136 A.3d at 1061. It is within this Court's sound discretion to either grant or deny a petition for declaratory relief. *GTECH Corp v. Dep't of Revenue*, 965 A.2d 1276, 1285 (Pa. Cmwlth. 2009). Additionally, where the issue raised in a declaratory judgment action involves the jurisdiction of an executive agency and whether such exercise is constitutional, declaratory judgment is proper notwithstanding the existence of an alternative remedy. *P.J.S. v. State Ethics Comm'n*, 669 A.2d 1105, 1109 (Pa. Cmwlth. 1996).

*Cook I*, __ A.3d at __, slip op. at 15.

[2] In *Cook I*, we set forth a detailed account of the allegations. Thus, it is unnecessary to do so here.

3

severity of the offense.  (*Id.* ¶¶ 15-16, Ex. C.)  Thereafter, SEIU filed an unfair labor practice charge with the Board, which issued the Complaint.  (*Id.* ¶¶ 18-19.) Common Pleas sought to dismiss the Complaint, arguing that, under *Beckert v. American Federation of State, County and Municipal Employees*, 425 A.2d 859 (Pa. Cmwlth. 1981), the Board was without jurisdiction to review Probation Officer's discipline based on the doctrine of separation of powers because the unfair labor charge "clearly involved discipline of a court employee."  (*Id.* ¶ 19.)  Based on stipulated facts and following briefing, a hearing examiner issued a proposed decision and order concluding that the Board had jurisdiction, but SEIU did not establish an unfair labor practice.  (*Id.* ¶ 21, Ex. A at 1.)  Common Pleas filed exceptions to the proposed decision and order, again arguing the Board did not have jurisdiction.  (*Id.* ¶ 22.)  On April 20, 2021, the Board dismissed Common Pleas' exceptions and adopted the proposed decision and order, stating "there is binding precedent expressly holding that the Board has jurisdiction to hear unfair practice cases concerning the rights of court-appointed employees under" the Public Employe Relations Act (PERA).[3]  (Final Order at 1-2 (citing *Teamsters Local 115 v. Pa. Lab. Rels. Bd.*, 619 A.2d 382, 388 (Pa. Cmwlth. 1992)).)

Petitioners then filed the Petition with this Court, seeking a declaration that "absent an unfair labor practice charge alleging [Common Pleas] is interfering with, coercing, or restraining organizing and bargaining activity of court employees, the Board is without jurisdiction to entertain an unfair labor practice charge involving the hire, fire, or supervision of court employees."  (*Id.* ¶ 39.)  Respondents filed an Answer denying the allegations in the Petition and subsequently filed their own summary relief application, which we denied in *Cook I*.  There, Respondents

_____

[3] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101-1101.2301.

4

asserted the Board had jurisdiction because the unfair labor practice charge alleged that a court of common pleas is "interfering with, coercing, or restraining organizing and collective bargaining activity." *Cook I*, __ A.3d at __, slip op. at 8 (citing *Mazzie v. Commonwealth*, 432 A.2d 985 (Pa. 1981); *Pa. Lab. Rels. Bd. v. Chester & Del. Cntys. Bartenders, Hotel & Rest. Emps. Union, Local No. 677*, 64 A.2d 834 (Pa. 1949)). Respondents maintained that *Teamsters Local 115* supported the Board's exercise of jurisdiction in this matter.

Petitioners argued declaratory relief was proper because their challenge to the Board's jurisdiction sought "relief from [the] uncertainty and insecurity with respect to rights, status, and other legal relations" in matters involving judicial employers' decisions regarding the hiring, firing, and supervising of judicial employees. *Cook I*, __ A.3d at __, slip op. at 9-10 (citation omitted). Petitioners further asserted the Board had to follow *Beckert* and *Teamsters Local 115*, which limited the Board's jurisdiction to situations not involved here, and its continued failure to do so violated the separation of powers doctrine. *Id.* at __, slip op. at 10-11.

This Court, in *Cook I*, agreed with Petitioners' arguments and denied Respondents' application for summary relief concluding that under *Beckert*, *Teamsters Local 115*, and other precedent, the Board's exercise of jurisdiction over judicial employers in matters involving the hiring, firing, and supervising of court employees would constitute a violation of the separation of powers doctrine. *Cook I*, __ A.3d at __, slip op. at 17-27.

Following our decision in *Cook I*, Petitioners filed the instant Application, arguing that *Cook I* is dispositive of their Application, as we have already analyzed the issue of the Board's jurisdiction to act on the Complaint and concluded, therein, that the Board did not have jurisdiction. The parties essentially make the same

5

arguments as they did in *Cook I*, and we have already resolved those arguments in Petitioners' favor in *Cook I*. We are not persuaded that our decision in *Cook I* was in error.

The Board asserts that the separation of powers doctrine is not absolute and that a "theoretical encroachment" does not violate the separation of powers doctrine. *Beckert v. Warren*, 439 A.2d 638, 643 (Pa. 1981) (*Warren*). It also argues that it is the union members' due process rights that are violated by preventing the Board from exercising its exclusive jurisdiction over an unfair labor practice charge and renders their collective bargaining effort illusory, contravening the decision in *Pennsylvania Labor Relations Board v. State College Area School District*, 337 A.2d 262, 266 (Pa. 1975). Further, the Board argues that *Teamsters Local 115* still supports its exercise of jurisdiction and that Petitioners' reliance (and this Court's reliance in *Cook I*) on *Renner v. Court of Common Pleas of Lehigh County*, 234 A.3d 411 (Pa. 2020), and *Thomas v. Grimm*, 155 A.3d 128 (Pa. Cmwlth. 2017), is misplaced, as those cases involved the applicability of laws to the judiciary, not whether PERA can be applied constitutionally, which has clearly been authorized in *Washington County v. Pennsylvania Labor Relations Board*, 72 A.3d 830 (Pa. Cmwlth. 2013), and *Teamsters Local 771 v. Pennsylvania Labor Relations Board*, 760 A.2d 496 (Pa. Cmwlth. 2000). Finally, the Board asserts that precluding it from exercising jurisdiction allows for the creation of illusory public bargaining rights, even if the Board, ultimately, lacks the authority to reinstate or rescind the discipline.[4] After review, we are not persuaded to abandon our rationale and holding in *Cook I*.

---

[4] The Board also asserts that Petitioners failed to join a necessary party, the York County Commissioners. We disagree that the York County Commissioners are a necessary party to the **(Footnote continued on next page…)**

The Board's reliance on *Washington County* and *Teamsters Local 771* to argue the Court's interpretation of *Teamsters Local 115*, *Renner*, and *Thomas*, in *Cook I* was erroneous is misplaced. Neither *Teamsters Local 771* nor *Washington County* involved unfair labor practices charges naming **the judicial employer** as the public employer involved in the unfair labor charge. *Washington County*, 72 A.3d at 832 (the unfair labor practice, based on a judicial employer's refusal to provide a court employee a union representative during an investigative interview, named county as the defendant); *Teamsters Local 771*, 760 A.2d at 500-01 (the unfair labor charge named the county as the defendant due to the county's failure to implement the financial portion of payment of an interest arbitration award even if the judicial employer would not implement other provisions of the award). Thus, neither involved situations where the Board was exercising its jurisdiction over a judicial employer in a matter involving an issue in the exclusive authority of that employer or where that jurisdiction was challenged based on the separation of powers doctrine.

The Board's reliance on *Warren*, 439 A.2d at 643, to argue that the Board's review of Common Pleas' discipline of Probation Officer does not infringe upon that court's essential function to administer justice and was merely a "theoretical encroachment" of the judiciary's powers, is likewise misplaced. *Warren* involved a situation where county commissioners issued a budget that did not include new funding requested by a court of common pleas for new positions, but also excluded

Petition where Petitioners seek a legal determination that the Board lacks jurisdiction to consider unfair labor charges involving Common Pleas' discipline of court employees. As the Court can order relief, an order precluding the Board from considering such matters, without infringing on the County Commissioners' rights to bargain over issues not related to the hiring, firing, and supervising of court employees, they are not necessary parties. *See Szoko v. Township of Wilkins*, 974 A.2d 1216, 1219 n.6 (Pa. Cmwlth. 2009) ("A party is indispensable [if its] rights are so connected with the claims of the litigants that no relief can be granted without impairing or infringing upon those rights.").

funding for existing staff, causing some staff to be laid off. *Id.* at 640. When the court brought an action challenging the new budget on the basis that it impaired its authority to exercise its judicial power and properly administer justice, the Supreme Court agreed, in part. The high court explained that the exercise of the judiciary's inherent power to act as a check on "legislative action [that] impairs the independence of the judiciary in its exercise of judicial power and the administration of justice" must be "reserved for defensive use in crises" where "[t]here [is] a genuine threat to the administration of justice, that is, a nexus between the legislative act and the injury to the judiciary, not merely a theoretical encroachment by the legislature." *Id.* at 643. The Supreme Court concluded that the use of that inherent, extraordinary authority was required in *Warren* because the legislative body's funding decisions impaired the court's judicial administration and ability to meet its constitutional obligations at least to the extent that the court proved that the positions were reasonably necessary and ordered the county commissioners to add funding to the budget to meet those needs.

Here, as in *Warren*, there is nothing "theoretical" about the encroachment on Common Pleas' constitutional authority to supervise and discipline its employees if the Board is permitted to review those disciplinary decisions. Based on the Board's assertion of jurisdiction, Common Pleas, a part of the judiciary, was called before the Board, a part of the executive branch, for the **Board** to determine whether **Common Pleas**' actions in disciplining Probation Officer were lawful. Thus, there is a nexus between the Board's assertion of jurisdiction and the injury to Common Pleas' exclusive authority to supervise and discipline its employees, which is a part of its constitutional power to administer justice and essential to maintaining an independent judiciary. *Cook I*, ___ A.3d at ___, slip op. at 17-18 (citing *Jefferson Cnty.*

8

*Ct. Appointed Emps. Ass'n v. Pa. Lab. Rels. Bd.*, 985 A.2d 697, 706-07 (Pa. 2009)). *See also Ellenbogen v. Allegheny County*, 388 A.2d 730, 734 (Pa. 1978) (holding that "judicial authority over court personnel [is] an essential element of the judicial function"). Accordingly, *Warren* does not require a different result.

Nor does *State College Area School District*, which the Board asserts requires that Probation Officer and SEIU must be able to vindicate their bargaining rights otherwise those rights are rendered illusory. The Supreme Court recognized in that case that the right to collective bargaining set forth in PERA was not unlimited, even when it involves "wages, hours and other terms and conditions of employment." *State College Area Sch. Dist.*, 337 A.2d at 265, 269-70 (quoting Section 701 of PERA, 43 P.S. § 1101.701 & citing Sections 702 and 703 of PERA, 43 P.S. §§ 1101.702 (removing matters of inherent managerial policy from the scope of mandatory collective bargaining but making them subject to meet and discuss if they involve wages, hours, and conditions of employment), 1101.703 (precluding the implementation of any provision in a collective bargaining agreement that would violate or be inconsistent with a statute or a municipal home rule charter if the statutory provision explicitly prohibits a public employer from agreeing to a different term)). But, in reversing this Court's decision that a public employer was not required to bargain over any provision relating to wages, hours, and other terms of employment that affected the public employer's policy determinations or impaired the employer's performance of their statutory responsibilities or duties, the Supreme Court explained that such holding would eviscerate Section 701, thwart the legislative policy of approving collective bargaining in order "to restore harmony in the public sector," and would result in "an illusory right of collective bargaining." *Id.* at 265-67. In contrast, there is nothing illusory here because, as this Court has

stated, "the union and the other parties cannot validly give a court employee a right to have his [discipline] reviewed by a non-judicial branch of government." *Beckert*, 425 A.2d at 864. Unlike the mandatory topics of bargaining at issue in *State College Area School District*, the judiciary's **exclusive** authority over hiring, firing, and supervising its employees, including the disciplining of those employees, may not be infringed as part of the collective bargaining by the county commissioners pursuant to Section 1620 of The County Code.[5] *Beckert*, 425 A.2d at 864.

Because we are not persuaded by the Board's arguments that we should deviate from our rationale in *Cook I*, we adopt and apply *Cook I*'s rationale here, grant Respondents' Application, and declare that the Board lacked jurisdiction to issue the Complaint. Although we stayed the proceedings on Petitioners' appeal, this declaration decides the appellate portion of the Petition, which sought to overturn the Board's Order due to its lack of jurisdiction. In the interests of judicial economy and where the Board has previously acknowledged that resolving the jurisdictional issue via summary relief would dispose of all of the issues in the Petition,[6] we lift the stay and vacate the Board's Order on the basis that the Board lacked jurisdiction to issue the Complaint in the first instance.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[5] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1620.

[6] *See* Respondents' July 23, 2021 "Application for Relief Seeking an Order Suspending the Briefing Schedule Pending a Ruling on the Application for Summary Relief" ¶ 8 asserting that resolving Respondents' Application for Summary Relief on the basis that the Board had jurisdiction would "dispose of all issues raised in the Petition for Review in both the Court's appellate and original jurisdiction."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Honorable Maria Musti Cook,    :
in her official capacity as the        :
President Judge of the Court of     :
Common Pleas of York County,     :
Nineteenth Judicial District; and    :
The Court of Common Pleas of      :
York County,                  :
                Petitioners    :
                          :
           v.             :   No. 161 M.D. 2021
                          :
The Pennsylvania Labor Relations  :
Board; and SEIU Local 668 PSSU,  :
           Respondents   :

## O R D E R

    **NOW**, April 5, 2024, the Application for Summary Relief filed by The Honorable Maria Musti Cook, in her official capacity as the President Judge of the Court of Common Pleas of York County, Nineteenth Judicial District; and The Court of Common Pleas of York County is **GRANTED** in accordance with the foregoing opinion. The stay of the Appellate Petition for Review in this matter entered on November 2, 2022, is hereby **LIFTED,** and the Order entered in the above-captioned appeal by the Pennsylvania Labor Relations Board (Board) is **VACATED** because the Board lacked jurisdiction to issue the underlying unfair labor practice complaint.

                                        _____

                                        **RENÉE COHN JUBELIRER,** President Judge