612 A.2d 625

**Betty J. MILLER, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SNYDER MEMORIAL HEALTH CARE CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 10, 1992.

Decided July 1, 1992.

John G. Achille, for petitioner.

No appearance for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Betty J. Miller (Claimant) petitions this Court for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which limited attorney's fees for Claimant's counsel to fifteen percent regardless of their fee agreement providing for attorney's fees at twenty percent of any verdict, settlement award or recovery received by Claimant. The issue presented is whether the referee erred by awarding a fee of fifteen percent to Claimant's counsel since a contingent fee of twenty per cent is reasonable per se pursuant to Section 442 of The Pennsylvania Work-

men's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 998.

Claimant was employed by Snyder Memorial Health Care Center (Employer) and on August 17, 1988 injured her right shoulder, hip and wrist at work. She received benefits pursuant to a notice of compensation payable at the rate of $137.88 per week based on an average weekly wage of $153.20. On May 1, 1989, Employer filed a modification petition seeking to modify benefits effective April 12, 1989 and alleging that Claimant returned to work at wages less than her pre-injury average weekly wage. Claimant thereafter executed a fee agreement which provided for attorney's fees on a contingent basis at twenty percent of "any verdict, settlement, award, or recovery" that she may receive from that date forward; and filed an answer denying that she is able to return to work and claiming that she attempted to do light-duty work for six days but could not withstand the pain in her arm and leg.

On August 28, 1990, Claimant filed a petition for commutation requesting that all future worker's compensation benefits payable to her be commuted and paid in a lump sum. The parties signed a supplemental agreement for compensation on August 29, 1990 wherein it was agreed that Claimant's disability became partial on August 20, 1990; Claimant is entitled to compensation at the rate of $60.12 per week for 499 weeks; and Employer will continue to pay all reasonable and necessary medical bills incurred as a result of the injury.

On September 6, 1990, the referee held a hearing at which she noted that both petitions were before her and that she had previously received testimony regarding the modification petition. The referee also received Claimant's testimony relative to the commutation petition. Employer did not object to commutation and stated that in the event commutation is approved, it would waive its rights to discount and indemnity, seek credit only for payments made since the date of this hearing, withdraw the modification petition and pay related costs, and pay attorney's fees to Claimant's counsel in the amount of twenty percent of the compensation paid to Claim-

ant from October 12, 1989 to September 5, 1990.[1] The referee stated that although she generally awards ten percent for attorney's fees, she would award fifteen percent here since Claimant's counsel generated some work. Claimant's counsel took exception and argued that a twenty percent fee is reasonable since a substantial amount of work went into the file and because additional work, for which he will not charge, is required to assist Claimant in obtaining mileage and medical payments.

The referee determined that commutation of benefits is in Claimant's best interest and ordered that Employer pay partial disability benefits to Claimant in a lump sum; granted Employer a credit for compensation benefits paid on and after September 6, 1990; stated that the modification petition was withdrawn and that Employer is responsible for payment of costs of prosecution incurred with said petition; further ordered Employer to pay any and all future medical expenses incurred as a direct result of the compensable injury; and directed Employer to deduct fifteen percent from the commuted sum and pay that amount to Claimant's counsel. Claimant appealed only the determination of the amount of attorney's fees and the Board affirmed.[2]

■ Section 440 of the Act, 77 P.S. § 996, provides in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be

1. During the October 12, 1989 hearing, the referee approved Claimant's fee agreement recognizing that it fell within the "statutory amount allowable." Subsequently, the referee issued an order denying Employer's supersedeas and directing Employer to make monthly payments. However, Employer neglected to deduct counsel fees from the payments made to Claimant.

2. Employer filed a notice of nonparticipation in this appeal and by order dated April 6, 1992, this Court directed that the petition for review in this matter will be submitted only on the brief of Claimant. This Court's scope of review is limited to a determination of whether an error of law was committed, whether findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee.

Similarly, Section 442 of the Act provides in part:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

In *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982), the Pennsylvania Supreme Court stated that these two statutory sections serve different purposes.

Section 442 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements.... Section 440, on the other hand, shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the act....

*Id.* at 521, 442 A.2d at 244.

Accordingly, Section 442 applies since the attorney's fees were not awarded to Claimant but are to be paid from her benefits pursuant to the fee agreement, and the only issue therefore before this Court is whether reduction of agreed-upon attorney's fees of twenty percent constitutes an error of law. In Section 442 cases, this Court has held that when a fee agreement provides for a twenty percent counsel fee, the referee's sole function is to approve that fee as reasonable per se. *Workmen's Compensation Appeal Board v. General Machine Products Co.,* 24 Pa.Commonwealth Ct. 95, 353 A.2d 911 (1976); *Workmen's Compensation Appeal Board v. Dowling,* 22 Pa.Commonwealth Ct. 7, 347 A.2d 318 (1975). *See also Weidner.* Contrariwise, in Section 440 cases, a referee may take into account any fee agreement between the attorney and the claimant, the legislative declaration of reasonableness, and the difficulty of work performed by the claimant's attorney. *See Eugenie v. Workmen's Compensation Appeal Board*

*(Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991).

█ Moreover, Section 316 of the Act, 77 P.S. § 604, provides that, upon application of either party, the Board may commute a claimant's compensation if it appears that such commutation is in the best interest of the claimant. When a petition for commutation is first heard by a referee, the Board may not disturb a referee's findings of fact if supported by competent evidence; however, the determination of whether commutation should have been granted based on those facts is a question of law. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *appeal denied*, 516 Pa. 644, 533 A.2d 714 (1987). Therefore, when considering a commutation petition, the role of the Board and the referee is to determine whether commutation is in the best interest of the claimant.

In the matter sub judice, Claimant did not retain counsel until after the petition for modification was filed. Hence, Claimant's counsel was entitled to a twenty percent fee as provided for in the fee agreement and properly approved by the referee on October 12, 1989. *General Machine Products; Dowling.* Thereafter, the parties agreed to a change in the status of Claimant's disability and, as memorialized in the supplemental agreement, Claimant was entitled to receive monthly partial disability benefits for 499 weeks from which Claimant's counsel would continue to receive his twenty percent fee.

Since the modification petition and Claimant's claim for attorney's fees were to be withdrawn if the benefits were commuted, the only issue before the referee was whether commutation of the finite amount the parties had already agreed upon was in the best interest of Claimant. Having approved commutation, the referee and the Board erred in considering the commuted amount as an additional award and then determining that a fifteen percent attorney's fee for that award was reasonable. (It is apparent from the referee's colloquy with Claimant's counsel at the September 6, 1990 hearing that the referee applied the Section 440 test wherein

she would be required to determine "a reasonable sum" for attorney's fees.) To rule otherwise would create conflicting interests and dissuade lawyers from suggesting commutation to their clients since the lawyer who is receiving an attorney's fee of twenty percent of benefits pursuant to a fee agreement would risk having his or her fee reduced once the Board is persuaded that commutation would be in the best interest of the client.[3] Accordingly, the decision of the Board is reversed.

## ORDER

AND NOW, this 1st day of July, 1992, the order of the Workmen's Compensation Appeal Board is reversed.

LORD, Senior Judge, concurring.

I agree with the result reached by the majority but write separately to express a concern which arises from the particular facts of this case.

The petitioner in name is Betty J. Miller. She is asking this Court to allow her to pay to her attorney, out of her commutation proceeds (not *in addition to* the claimant's benefits, as in cases of unreasonable contests of claims), five-percent more than the referee and Board allowed. No opposing argument was presented. Under these circumstances, I would require a statement from Miller that this is her *personal request* since there is a remote possibility that the request is that of the attorney alone.[1] Such a statement would obviate the conflict

---

3. After Employer's supersedeas was denied, Claimant received $6,519.75 in benefits and her attorney received twenty percent of that amount or $1,303.95 in attorney's fees. Pursuant to the supplemental agreement and the grant of commutation, Claimant is entitled to $30,000 in commuted benefits from which her attorney should receive twenty percent or $6,000 in attorney's fees. Thus, Claimant received benefits of $36,519.75 and her attorney is entitled to his agreed-upon attorney's fee of twenty percent or $7,303.95 instead of $5,803.95 as awarded.

1. Of course, I make no accusation against the attorney. My suggestion is out of an abundance of caution and my observations over the years that most people do not want to pay more than it is decided they are required to pay, even though they may have previously agreed to pay a larger amount.

of interest that is, at least, apparent when an attorney seeks to increase his share of his client's proceeds.