678 A.2d 355

**The COUNTY OF BERKS, ex rel. Mark C. BALDWIN, District Attorney, Appellants,**

**v.**

**PENNSYLVANIA LABOR RELATIONS BOARD and United Steelworkers of America, Local 3733, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided June 19, 1996.

---

542

544

J. Allen Daringer, Reading, for Baldwin.

John B. Neurohr, Harrisburg, for Labor Bd.

Joseph Lurie, Philadelphia, for United Steel.

W. Michael Trant, Reading, Patricia Garber, Philadelphia, for Appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

This is a direct appeal from the opinion and order of the Commonwealth Court sustaining Appellees' preliminary objec-

tions and dismissing Appellants' petition for review. For the following reasons, we now affirm in part and reverse in part.

This matter has a lengthy procedural history. On December 11, 1991, the Pennsylvania Labor Relations Board ("PLRB") certified the United Steelworkers of America, Local 3733, ("Steelworkers") as the bargaining representative of all assistant district attorneys and assistant public defenders in Berks County ("County"). Thereafter, the Steelworkers and the County entered into a collective bargaining agreement covering the 1992 calendar year.

On March 20, 1993, while in the midst of negotiating a successor contract, the County filed a unit clarification petition with the PLRB. On March 22, 1993, the Steelworkers filed an unfair labor practice charge with the PLRB alleging that the County failed to bargain with them as a representative of the certified bargaining unit. Also, Mark C. Baldwin ("Baldwin"), the District Attorney for the County of Berks, moved to intervene in the proceedings before the Board.

The PLRB originally denied the County's unit clarification petition. On April 15, 1993, the County filed exceptions to that decision. On June 8, 1993, the PLRB granted the exceptions and directed a hearing on the unit clarification petition. On June 11, 1993, in a hearing concerning the petition for unit clarification and the unfair labor practices charges, the PLRB hearing officer denied Baldwin's motion to intervene.

On April 20, 1993, while the proceedings before the PLRB were continuing, the County and Baldwin (collectively referred to as "Appellants") filed an application with this court seeking leave to file original process pursuant to Pa.R.A.P. 3307 and extraordinary relief pursuant to Pa.R.A.P. 3309. This court issued an order on June 10, 1993 which granted Appellants' petition to file original process and denied their application for extraordinary relief.

On October 20, 1993, Appellants filed a petition for review in

the Commonwealth Court's original jurisdiction.[1] Appellants, arguing that the PLRB did not have jurisdiction over issues related to the bargaining unit, sought declaratory and injunctive relief.

Appellants' petition for review contains four counts. Count I alleges that the collective bargaining unit consisting of assistant district attorneys and assistant public defenders violates criminal defendants' Sixth Amendment right to effective assistance of counsel. Count II alleges that application of the Public Employee Relations Act ("PERA"), 43 P.S. §§ 1101.101–1101.2301 to this matter violates the exclusive jurisdiction of the Supreme Court of Pennsylvania over the supervision of the conduct of attorneys and violates the rules of professional conduct. Count III alleges that assistant district attorneys and assistant public defenders are either management level or confidential employees who are not entitled to the protections afforded under PERA. Count IV alleges that the district attorney is a joint employer with the County and that the district attorney must therefore be permitted to intervene in the proceedings before the PLRB.

The PLRB and the Steelworkers (collectively referred to as "Appellees") filed preliminary objections, demurring to each count of the petition for review. Appellees demurred to Counts I, II, and III claiming that the bar of res judicata applied to these counts and that Appellants had failed to exhaust administrative remedies. Appellees demurred to Count IV claiming that Appellants failed to state a claim upon which the Commonwealth Court could grant relief because Baldwin, as a matter of law, is not entitled to intervene as a party in the proceedings before the PLRB.

The Commonwealth Court sustained Appellees' demurrers to Counts I, II, and III because it agreed that Appellants had

---

1. Apparently, the proceedings before the PLRB on both the County's Petition and the Steelworkers' charges have been placed on hold pending the outcome of the present appeal. *See County of Berks v. Pennsylvania Labor Relations Board,* 166 Pa.Commw. 375, 377, 646 A.2d 674, 675 (1994); Steelworkers' brief at 6.

failed to exhaust administrative remedies.[2] The Common-wealth Court also sustained the demurrer as to Count IV because it found that 16 P.S. § 1620 clearly prohibits the District Attorney from intervening in this matter.

Appellants filed a direct appeal with this court.[3] For the following reasons, we now affirm in part and reverse in part the disposition of the Commonwealth Court.

In reviewing an order granting preliminary objections, we assume that all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are true. *AM/PM Franchise v. Atlantic Richfield*, 526 Pa. 110, 121, 584 A.2d 915, 921 (1990). This court then determines whether the law says with certainty that no recovery is possible on the facts averred. *Id.*

For the sake of clarity, we shall open our analysis with a discussion of Count IV. In Count IV, Appellants sought to have the Commonwealth Court order the PLRB to allow Baldwin to appear throughout the pending PERA proceedings as a "joint employer" of the assistant district attorneys. The Commonwealth Court ruled that Count IV fails to state a claim upon which relief may be granted since 16 P.S. § 1620 clearly mandates that only the County shall appear in these proceedings before the PLRB.

We agree with the Commonwealth Court. The language of 16 P.S. § 1620 is clear and unambiguous:

[W]ith respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargain-ing negotiations involving any or all employes paid from the

2. The Commonwealth Court specifically declined to address the res judicata issue.

3. We note that Appellants did not raise in their Statement of Questions Presented the issue of whether the Commonwealth Court erred in its decision in regard to Count III. Furthermore, Appellants mention only in passing Count III in a footnote in their brief; in that footnote, they make a few concessions as to how the Commonwealth Court's disposi-tion of Count III could properly be affirmed, but provide no argument as to why it should be reversed. Appellants' brief at 12. Thus, the issue of whether the Commonwealth Court properly sustained prelimi-nary objections as to Count III is not before this court.

county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.

No exemptions have been provided for elected officers such as the District Attorney or appointed county officers such as the Public Defender. Appellants' assertion that Baldwin is a "joint employer" is immaterial under 16 P.S. § 1620 for that section clearly dictates that the County is the sole managerial representative of the interests of county officers, appointed or elected, in regard to representation proceedings before the PLRB.

■ Appellants contend that even if § 1620 mandates that the County represent Baldwin before the PLRB, forcing Baldwin to be represented by the County would violate Baldwin's due process rights. This argument also must fail. In order for Baldwin to be entitled to due process, Appellants must show that he has a life, liberty or property interest which is being impacted by a determination of the PLRB. *See R. v. Com., Dept. of Public Welfare*, 535 Pa. 440, 450, 636 A.2d 142, 147 (1994). Appellants, however, have failed to identify what life, liberty or property interest Baldwin has in preventing assistant district attorneys and assistant public defenders from combining into one bargaining unit; this issue must therefore fail. Thus, we affirm the Commonwealth Court's disposition as to Count IV.

As to Counts I and II, Appellees raise two claims in support of their preliminary objections. Their first claim is that these counts are barred by res judicata. Appellees assert that the claims raised in Counts I and II were also presented in Appellants' application for leave to file original process and for extraordinary relief filed with this court. Since this court issued an order on June 10, 1993 granting Appellants' petition

to file original process and denying the application for extraordinary relief, Appellees argue that the claims raised in Counts I and II have been previously litigated. This argument must fail.

It is axiomatic that in order for either collateral estoppel or res judicata to apply, the issue or issues must have been actually litigated and determined by a valid and final judgment. *Philadelphia Marine Trade Ass'n v. International Longshoremen's Ass'n,* 453 Pa. 43, 308 A.2d 98 (1973). Thus, the question here is whether this court's order of June 10, 1993 constituted a full and final adjudication of the claims raised in Appellants' application to this court.

Although there are no decisions from this court which are directly on point, there is case law from this jurisdiction which aids our analysis. We have made clear that a denial of extraordinary relief is not tantamount to a declaration that the petitioner's claims have no legal merit.

[T]he presence of an issue of immediate public importance is not alone sufficient to justify extraordinary relief. As in requests for writs of prohibition and mandamus, we will not invoke extraordinary jurisdiction unless the record clearly demonstrates a petitioner's rights. Even a clear showing that a petitioner is aggrieved does not assure that this Court will exercise its discretion to grant the requested relief. (citations omitted)

*Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 495 n. 11, 387 A.2d 425, 430 n. 11 (1978).

We receive further guidance when we examine how other jurisdictions resolve this issue. The general rule is that where the extraordinary jurisdiction of a court is unsuccessfully invoked and the court does not expressly adjudicate the matter on the merits, then there is no preclusive effect and the petitioning party is free to pursue his claim in any appropriate forum. *See, e.g., R.E. Grills, Inc. v. Davison,* 641 So.2d 225 (Ala.1994); *Craigmiles v. Egan,* 248 Ill.App.3d 911, 188 Ill.Dec. 672, 618 N.E.2d 1242 (1993); *McGaha v. Board of Regents of the University of Oklahoma,* 691 P.2d 895 (Okla.

1984); *Hiley v. United States,* 807 F.2d 623, 625–26 (7th Cir.1986).

 We find that this general rule is logical and is consistent with our prior case law. Therefore, we now hold that where this court has issued an order without opinion denying extraordinary relief, that order alone is insufficient to establish that there has been a full and final adjudication of the claims raised. Thus, because the bar of res judicata is inapplicable to this matter, Appellees' first claim does not provide a basis for affirming the decision of the Commonwealth Court.

 Appellees' other basis for their preliminary objections to Counts I and II is that the County and Baldwin should be denied relief because they have failed to exhaust administrative remedies.[4] It is fundamental that prior to resorting to judicial remedies, litigants must exhaust all the adequate and available administrative remedies which the legislature has provided. *Ohio Casualty Group v. Argonaut Ins. Co.,* 514 Pa. 430, 435, 525 A.2d 1195, 1197 (1987) (citing the doctrine of exhaustion of administrative remedies embodied in the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504). A party cannot avoid the requirement to exhaust administrative remedies merely by raising a constitutional challenge to the validity of a statute; "[t]he additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of inadequacy in the circumstances." *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 276, 328 A.2d 819, 823 (1974).

It is at this point that our treatment of the two Appellants diverges. We first turn to our discussion of whether the Commonwealth Court properly sustained preliminary objections as to the County on Counts I and II.

4. We stress that the issues of failure to exhaust administrative remedies and the preclusive bar of res judicata were the only two bases advanced by Appellees in support of their preliminary objections to Counts I and II.

Appellants argue that the County does not have an adequate remedy at law because the PLRB has not been given any statutory authority or implicit power to address suitably either the Sixth Amendment rights of criminal defendants or the ethical rules governing attorneys. Appellants stress that the Pennsylvania Supreme Court has exclusive jurisdiction over the supervision of the conduct of attorneys. *See* Pa. Const. Art. V, § 10; *Wajert v. State Ethics Comm'n*, 491 Pa. 255, 262, 420 A.2d 439, 442 (1980).

In these arguments, Appellants are not focusing on whether they can obtain an adequate remedy from the PLRB, but rather are focusing on whether they can obtain that adequate remedy via disposition of particular issues. That is not the appropriate inquiry. In determining whether a litigant will be excused from exhausting administrative remedies, we look to whether that litigant has an adequate administrative remedy. Thus, in *Ohio Casualty Group, supra*, and *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977), we allowed the litigants to bypass the agency in question because the agency had no mandate to provide the requested remedies. We have not, however, allowed a litigant to circumvent the administrative process where the litigant can achieve full relief in front of the agency but the relief may be granted on bases different from those advocated by the litigant.

The County, the party which had initially invoked the PLRB's jurisdiction in this dispute, can attain from the PLRB the remedies it requests. In resolving the County's pending petition for unit clarification, the PLRB could, for example, divide the unit into two units, one consisting of assistant district attorneys and the other consisting of assistant public defenders. Such a remedy could fully address the County's concerns raised in Count I that the combined bargaining unit could violate the Sixth Amendment rights of criminal defendants. Furthermore, the PLRB could accept the County's contention that all members of the bargaining unit are managerial and/or confidential employees who are precluded from joining any bargaining unit under PERA. This would provide

the County with the remedy that PERA would not be applied to the assistant district attorneys or the assistant public defenders; such a remedy would render moot any concerns the County has over whether application of PERA to these parties infringes on this court's exclusive jurisdiction over the regulation of attorneys. Thus, because the County has, in the PLRB, a forum through which it could obtain the very relief it ultimately desires in this matter, we hold that the Commonwealth Court was correct in determining that the County had failed to exhaust administrative remedies.

■■■ Appellants also contend that requiring the County to submit itself to the PLRB would deny the County procedural and substantive due process because the PLRB is incapable of guaranteeing a fair decisional process. In support of this contention, Appellants refer to several matters where issues similar to the ones in the matter *sub judice* have been presented to the PLRB; Appellants focus on how the PLRB has either ruled in a manner which would be unfavorable to Appellants' position or did not rule at all on the Sixth Amendment or professional ethics issues. *See, e.g., In the Matter of Employes of Butler County,* 24 PPER ¶ 24030 (1993); *In the Matter of the Employes of City of Philadelphia,* 25 PPER ¶ 25166 (1994); *Berks County Public Defenders Office,* 15 PPER ¶ 15062 (1984). This argument fails. Simply because the weight of decisions from a forum are against a party, or they provide no guidance on issues concerning that party, does not mean that party will be denied due process by that forum. Therefore, we affirm the Commonwealth Court's disposition as to the County on Counts I and II.[5]

■■■ Now we turn to the question of whether the preliminary objections as to Baldwin should be sustained on Counts I and II. Because the Commonwealth Court erred in determining that Baldwin had failed to exhaust administrative reme-

---

5. We also note, as did the Commonwealth Court below, that this determination in no way deprives the County of its opportunity to have these issues fully explored. Issues identical to the ones presented in this matter are pending before the PLRB. The administrative process, which could culminate in appellate review of the PLRB's decision, ensures that the County's rights will be protected.

dies, we now reverse that portion of the Commonwealth Court's order.

As we have stated earlier, the doctrine of exhaustion of administrative remedies requires that a party exhaust all available and adequate administrative remedies prior to resorting to the courts. *See Ohio Casualty Group, supra.* We have affirmed the Commonwealth Court's determination that Baldwin may not appear before the PLRB per 16 P.S. § 1620. Thus, the question here does not even rise to the level of determining whether Baldwin's administrative remedies are "adequate" for he has *no* administrative remedies. Dismissing Counts I and II of Baldwin's action for failure to exhaust administrative remedies where it is impossible for Baldwin to engage in the administrative process was in error. Therefore, we reverse the Commonwealth Court's determination as to Baldwin on Counts I and II.

For the foregoing reasons, we affirm the Commonwealth Court's order as to the County. As to Baldwin, we affirm the Commonwealth Court's order on Count IV, and reverse and remand the order on Counts I and II.