**LARRY PITT & ASSOCIATES, P.C. and Larry Pitt, Esquire, Petitioners,**

v.

**Johnny BUTLER, individually and in his capacity as Secretary to Department of Labor and Industry of the Commonwealth of Pa. and Richard Thompson, individually and in his capacity as Director of the Pennsylvania Bureau of Workers' Compensation, Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2001.

Decided Oct. 30, 2001.

Neil Kerzner, Philadelphia, for petitioners.

Linda S. Lloyd, Deputy Atty. Gen., Harrisburg, for respondents.

Before DOYLE, President Judge, COLINS, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., and LEADBETTER, J.

KELLEY, Judge.

Presently before this Court for disposition are the preliminary objections of

Johnny Butler, Secretary of the Pennsylvania Department of Labor and Industry [1], and Richard Thompson, Director of the Pennsylvania Bureau of Workers' Compensation [2], (Commonwealth Respondents) to a petition for review in the nature of an action for declaratory judgment filed in our original jurisdiction by Larry Pitt & Associates, P.C. and Larry Pitt, Esq. (Petitioners) pursuant to the provisions of the Declaratory Judgments Act (DJA), 42 Pa. C.S. §§ 7531–7541.[3]

Petitioners provide legal services which include, *inter alia*, representing clients who are seeking compensation pursuant to the provisions of the Pennsylvania Workers' Compensation Act (Act).[4] In particular, Petitioners represented Dolfis Gaither, James Gibson, Kevin Cardwell, Julius Curry and Carmen Camacho (collectively, claimants) in proceedings before workers' compensation judges (WCJs) to obtain compensation under the Act pursuant to petitions for compromise and release. Petitioners had entered into contingency fee agreements with the claimants whereby Petitioners were to be paid 33⅓% of the amounts recovered under the Act as payment for their legal services. Pursuant to Section 442 of the Act [5], the contingency

1. Johnny Butler was named both individually and in his capacity as Secretary for the Department of Labor and Industry.

2. Richard Thompson was named both individually and in his capacity as Director of the Bureau of Workers' Compensation.

3. In particular, Section 7533 of the DJA provides, in pertinent part, that "[a]ny person interested under a ... written contract, or other writings constituting a contract ... whose rights, status, or other legal relations are affected by a statute ... [or] contract ... may have determined any question of construction or validity arising under the instrument, statute ... [or] contract ... and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533.

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

5. Section 442 of the Act states:

 All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any [WCJ] or the board, whether or not allowed as part of a judgment, shall be approved by the [WCJ] or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

 In cases where the efforts of claimant' counsel produce a result favorable to the claimant but where no immediate award of compensation is made, such as in cases of termination or suspension, the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

 77 P.S. § 998.

 Likewise, Section 121.24 of the regulations of the Bureau of Workers' Compensation states, in pertinent part:

 **§ 121.24 Approval of fees.**

 In all cases involving claim petitions or other petitions under .... the [Act], no agreement or claim for attorney's fees or other disbursements in support of any claim for compensation shall be valid and no payments shall be made pursuant thereto unless the agreement or claim has been approved by the [WCJ] or by the Appeal Board, as the case may be, by whom the matter is heard. In all such cases, the [WCJ] or the board member hearing the case shall obtain from the claimant's attorney a copy of the fee agreement or claim and a copy of any other statement or claim for disbursements to be made on account of the presentation of the case, and, after determining the proper amount to be allowed in relation to the services rendered, shall specify in the decision the amount approved for disbursement.

 34 Pa.Code § 121.24. *See also* Section 501 of the Act, 77 P.S. § 1021 ("[N]o claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensa-

fee agreements were submitted to the WCJs for approval. However, the WCJs did not approve the contingency fee agreements as submitted. Rather, the WCJs either denied the fee agreements in their entirety and had the claimants amend the fee agreements to only provide for a payment of 20% of the amounts recovered, or approved the payment of 20% of the amounts recovered and directed that the remaining 13⅓% be placed in escrow.

On November 27, 2000, Petitioners filed the instant petition for review. In the petition, Petitioners allege, *inter alia:*

14. In the first paragraph of Section 442 of the Act, the legislature delegated to the executive branch the power and authority to regulate contingent fee agreements entered into by injured workers and their legal representatives by restricting legal fees to twenty percent, or less, without regard to the amount agreed upon by the injured workers and their legal representatives. Said delegation of power and authority is in contravention of the language of Article 5, Section 10(c) of the Pennsylvania Constitution [6] which expressly vests such power and authority solely in the Supreme Court.

15. The aforementioned unconstitutional delegation of power and authority has become so deeply ingrained in the workers' compensation system that it has resulted in an unconstitutional interpretation of the second paragraph of Section 442. In particular, while the second paragraph of Section 442 provides for an award of attorney fees as agreed upon by the claimant and his/her attorney, without regard to any per centum, the Department of Labor and Industry has interpreted the second paragraph as restricting attorney fees to twenty per centum, or less.

Petition for Review, pp. 5–6.

Based on the foregoing, Petitioners assert the following claims for relief:

23. At all relevant times, [Commonwealth Respondents] exercised their authority by and through their agents and officials, all of whom are members of the executive branch of government, including but not limited to the aforementioned [WCJs]. . . .

24. By interfering with [Petitioners'] contract with the aforementioned claimants, and refusing to honor the fee agreements specified above, [Commonwealth Respondents] have unlawfully infringed upon and violated Article 5, Section 10(c) of the Pennsylvania Constitution, which vests in the Supreme Court of Pennsylvania the exclusive power to regulate the practice of law in Pennsylvania.

25. As [officers] of the Court and member[s] of the judicial branch, [Petitioners] ha[ve] been unconstitutionally subjected to the authority of the aforementioned officers of the executive

---

tion, under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the board. . . .'').

**6.** Article 5, Section 10(c) of the Pennsylvania Constitution states, in pertinent part:

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . and for admission to the bar and to prac-

tice law, and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court . . . , nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. PA. CONST. art. V, § 10(c).

branch, and legislative branch, all acting without proper authority.

26 By reason of [Commonwealth Respondents'] unconstitutional actions stated above, [Petitioners] have suffered and continue to suffer substantial and irreparable harm, including but not limited to:

(a) [Petitioners'] loss of their right to the benefit of the contractual fee agreements with the claimants noted above;

(b) [Petitioners'] loss of all or part of their attorney fees pursuant to the actions and decisions of [the WCJs];

(c) [Petitioners'] unrecoverable loss of interest accruing on the portion of [Petitioners'] attorney fees pursuant to the actions and decisions of [the WCJs];

(d) [Petitioners'] loss of their right to enter into and enforce their contractual rights with the above noted claimants;

(e) [Petitioners'] continuing loss of the use of the fees to which they have contracted and to which they are entitled pending the outcome of the disputed compromise and release agreements;

(f) [Petitioners'] loss of reputation and goodwill among the above claimants;

(g) [Petitioners'] deprivation of their legal rights guaranteed by the Pennsylvania Constitution.

27. [Petitioners'] administrative remedies are inadequate at law, and requiring [Petitioners] to pursue them would cause [Petitioners] further and substantial irreparable harm.

*Id.* at pp. 7–8.

As a result, Petitioners ask this Court to: (1) declare that Section 442 of the Act is unconstitutional as violative of Article 5, Section 10(c) of the Pennsylvania Constitution; (2) enjoin Commonwealth Respondents, their successors in office or interest, and their agents, employees and all other persons acting concert with them, from interfering with, regulating or restricting

attorney fees in workers' compensation matters; and (3) direct Commonwealth Respondents, their successors in office or interest, and their agents, employees and all other persons acting in concert with them to immediately release and pay to Petitioners the full amount of the monies held in escrow as a result of the orders issued by the WCJs. *Id.* at pp. 8–9.

In response to the petition for review, Commonwealth Respondents filed preliminary objections with this Court on December 18, 2000. In the first preliminary objection, Commonwealth Respondents allege that the petition for review should be dismissed because Petitioners have failed to exhaust all administrative remedies. In the second preliminary objection, Commonwealth Respondents allege that the petition for review should be dismissed because Petitioners have failed to state a claim for which relief may be granted.

 Initially, we note that in ruling on preliminary objections, we must accept as true all well pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa. Cmwlth.1995). This Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

 The provisions of the DJA, 42 Pa.C.S. §§ 7531–7541, govern petitions for declaratory judgments. *Ronald H. Clark, Inc. v. Township of Hamilton*, 128 Pa. Cmwlth. 31, 562 A.2d 965 (1989). Declaratory judgments are not obtainable as a matter of right. *Id.* Rather, whether a

court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. *Id.* Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. *Gulnac v. South Butler School District,* 526 Pa. 483, 587 A.2d 699 (1991); *Ruszin v. Department of Labor and Industry,* 675 A.2d 366 (Pa.Cmwlth.1996).[7]

■ As stated above, Section 7533 of the DJA provides, in pertinent part, that "[a]ny person interested under a . . . written contract, or other writings constituting a contract . . . whose rights, status, or other legal relations are affected by a statute . . . [or] contract . . . may have determined any question of construction or validity arising under the instrument, statute . . . [or] contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533. Under Section 7533, constitutional challenges to a statute's validity, such as those raised in the instant matter, may be decided by declaratory judgment. *See, e.g., Ruszin; Parker v. Department of Labor and Industry,* 115 Pa.Cmwlth. 93, 540 A.2d 313 (1988), *aff'd,* 521 Pa. 531, 557 A.2d 1061 (1989).

However, Section 7541(c) of the DJA provides, in pertinent part, that "[r]elief shall not be available under this subchapter with respect to any . . . [p]roceeding within the exclusive jurisdiction of a tribunal other than a court . . ." 42 Pa.C.S. § 7541(c)(2). With respect to Section 7541(c)(2), this Court has stated:

The exhaustion of administrative remedies requirement is a judge-made rule intended to prevent premature judicial

intervention into the administrative process. *National Solid Wastes Management Association v. Casey,* [135 Pa. Cmwlth. 134, 580 A.2d 893 (Pa.Cmwlth. 1990)]. The exhaustion of remedies requirement is also found in Section 7541(c)(2) of [DJA], 42 Pa.C.S. § 7541(c)(2), which precludes this Court from granting declaratory relief if the exclusive jurisdiction of the action lies with a tribunal other than this Court, such as the Department.

In *National Solid Waste[s]* this Court stated that:

[I]t is appropriate to defer judicial review where the question presented is one within an *agency specialization* and where the *administrative remedy is likely to produce the desired result.* However, the doctrine that administrative remedies must be first exhausted is not so inflexible as to bar either legal or equitable jurisdiction where the available administrative remedy is *inadequate to alleviate the injuries sustained.*

*Id.* [at 897, 580 A.2d 893]. (Citations omitted.) (Emphasis added.)

*Pennsylvania Association of Rehabilitation Facilities v. Foster,* 147 Pa.Cmwlth. 487, 608 A.2d 613, 616 (1992). With these standards in mind, we consider Commonwealth Respondents' preliminary objections.

■ In the first preliminary objection, Commonwealth Respondents submit that this Court should not grant the requested declaratory relief because Petitioners have failed to exhaust their administrative remedies with respect to the award of attorney fees. In particular, Commonwealth Re-

---

**7.** Section 7537 of the DJA provides, in pertinent part that "[t]he existence of an alternate remedy shall not be a ground for the refusal to proceed under this chapter." 42 Pa.C.S. § 7537. Thus, it has been recognized that

this provision "[c]learly limits the discretion that can be exercised by a court in deciding whether to grant the remedy of a declaratory judgment." *In re Mengel,* 287 Pa.Super. 186, 429 A.2d 1162, 1165 (1981).

spondents allege that pursuant to Section 423(a) of the Act [8], Petitioners have appealed the decisions of the WCJs to the Workers' Compensation Appeal Board (Board).[9] Commonwealth Respondents assert that because Petitioners are pursuing this administrative remedy, this Court should sustain the preliminary objections and deny the requested relief in the instant declaratory judgment action.

Petitioners counter that even though they are currently pursuing those appeals before the Board, the Board is without jurisdiction to consider the constitutional claims regarding Section 442 of the Act that have been raised in the instant proceeding. As a result, Petitioners assert, they are not required to exhaust this administrative remedy, and this Court should overrule the preliminary objections and grant the requested relief in this declaratory judgment proceeding.

It is true that the Board is without jurisdiction to consider and determine the constitutional validity of its own enabling legislation. *See, e.g., Berninger v. Workers' Compensation Appeal Board (East Hempfield Township)*, 761 A.2d 218 (Pa. Cmwlth.2000), *petition for allowance of appeal denied*, 565 Pa. 650, 771 A.2d 1287 (2001); *Ruszin.* However, the mere fact that Petitioners have raised issues regarding the constitutional validity of Section 442 of the Act does not, in and of itself, compel this Court to overrule the instant preliminary objections.

In *County of Berks ex rel. Baldwin v. Pennsylvania Labor Relations Board*, 544 Pa. 541, 678 A.2d 355 (1996), a petition for review seeking declaratory and injunctive relief was filed in this Court by the County of Berks (County) and District Attorney Mark C. Baldwin (collectively, Appellants) relating to a decision of the Pennsylvania Labor Relations Board (PLRB) which certified a bargaining unit that was represented by the United Steelworkers of America (collectively, Appellees). The petition for review was filed while proceedings were pending before the PLRB regarding a unit clarification petition and an unfair labor practice charge, and raised, *inter alia*, claims relating to the Sixth Amendment to the United States Constitution and Article 5, Section 10 of the Pennsylvania Constitution.[10] The Appellees filed preliminary objections to the petition for review which alleged, *inter alia*, that the petition should be dismissed based on the Appellants' failure to exhaust their administrative remedies before the PLRB. This Court sustained the preliminary objections and dismissed the petition for review, and the Pennsylvania Supreme Court granted the Appellant's petition for allowance of appeal.

In reviewing the preliminary objections relating to the County's failure to exhaust its administrative remedies, the Pennsylvania Supreme Court stated the following, in pertinent part:

Appellees' other basis for their preliminary objections to Counts I and II is that the County and Baldwin should be

---

**8.** Section 423(a) of the Act states, in pertinent part, that "[a]ny party in interest may, within twenty days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal to the board ..." 77 P.S. § 853.

**9.** In their appellate brief filed in this Court, Petitioners concede that they have filed appeals of the WCJs' decisions denying approval of the contingency fee agreements of 33⅓%

with the Board. *See* Brief for Appellant, pp. 26–27.

**10.** The PLRB, like the Board, is without jurisdiction to consider constitutional claims. *See, e.g., PSSU, Local 668 of SEIU, AFL–CIO v. Pennsylvania Labor Relations Board*, 740 A.2d 270 (Pa.Cmwlth.1999).

denied relief because they have failed to exhaust administrative remedies. It is fundamental that prior to resorting to judicial remedies, litigants must exhaust all the adequate and available administrative remedies which the legislature has provided. *Ohio Casualty Group v. Argonaut Ins. Co.*, 514 Pa. 430, 435, 525 A.2d 1195, 1197 (1987) (citing the doctrine of exhaustion of administrative remedies embodied in the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504).[11] A party cannot avoid the requirement to exhaust administrative remedies merely by raising a constitutional challenge to the validity of a statute; "[t]he additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of inadequacy in the circumstances." *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 276, 328 A.2d 819, 823 (1974) ...

[A]ppellants argue that the County does not have an adequate remedy at law because the PLRB has not been given any statutory authority or implicit power to address suitably either the Sixth Amendment rights of criminal defendants or the ethical rules governing attorneys. Appellants stress that the Pennsylvania Supreme Court has exclusive jurisdiction over the supervision of the conduct of attorneys. *See* Pa. Const. Art. V, § 10; *Wajert v. State Ethics Comm'n*, 491 Pa. 255, 262, 420 A.2d 439, 442 (1980).

In these arguments, Appellants are not focusing on whether they can obtain an adequate remedy from the PLRB, but rather are focusing on whether they can obtain that adequate remedy via disposition of particular issues. That is not the appropriate inquiry. In determining whether a litigant will be excused from exhausting administrative remedies, we look to whether that litigant has an adequate administrative remedy. Thus, in *Ohio Casualty Group, supra,* and *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977), we allowed the litigants to bypass the agency in question because the agency had no mandate to provide the requested remedies. We have not, however, allowed a litigant to circumvent the administrative process where the litigant can achieve full relief in front of the agency but the relief may be granted on bases different from those advocated by the litigant.

The County, the party which had initially invoked the PLRB's jurisdiction in this dispute, can attain from the PLRB the remedies it requests ... Thus, because the County has, in the PLRB, a forum through which it could obtain the very relief it ultimately desires in this matter, we hold that the Commonwealth Court was correct in determining that the County had failed to exhaust administrative remedies.

*Id.,* 544 Pa. at 550–552, 678 A.2d at 359–360 (footnote omitted).

Thus, the fact that Petitioners have raised constitutional claims which are beyond the jurisdiction of the Board is not dispositive in this case. Rather, in reviewing the instant preliminary objections, the proper inquiry is whether Petitioners have

---

**11.** Section 1504 of the Statutory Construction Act states:

In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

1 Pa.C.S. § 1504.

an adequate statutory remedy through the proceedings before the Board, and whether the Board can grant them the relief they desire albeit on different bases than those asserted in the instant petition for review.

As noted above, Section 442 of the Act provides, in pertinent part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any [WCJ] or the board, whether or not allowed as part of a judgment, shall be approved by the [WCJ] or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

77 P.S. § 998.

As this Court has previously noted:

> Section 442 of the Act implies that the [WCJ] must approve an attorney's fee if there is first, an agreement between claimant and attorney and second, the agreement does not exceed 20% of the amount awarded. *Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania v. Dowling,* [22 Pa.Cmwlth. 7, 347 A.2d 318 (Pa. Cmwlth.1975)] concurs, holding that where an attorney's fee had been agreed upon by the client and did not exceed 20% of the workmen's compensation award, the fee must be approved and cannot be reduced by the [WCJ] or the Board.... Section 442 of the Act and *Dowling* make clear that a 20% fee agreed to between claimant and [counsel] is per se reasonable.

*Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Co.),* 153 Pa.Cmwlth. 321, 621 A.2d 1069, 1073 (1993). *See also Miller v. Workmen's Compensation Appeal Board (Snyder Memorial Health Care Center),* 149 Pa. Cmwlth. 152, 612 A.2d 625, 627 (1992) ("[I]n Section 442 cases, this Court has held that when a fee agreement provides for a twenty percent counsel fee, the [WCJ]'s sole function is to approve that fee as reasonable per se.") (citations omitted); *Workmen's Compensation Appeal Board (Gilroy) v. General Machine Products Co.,* 24 Pa.Cmwlth. 95, 353 A.2d 911, 914 n.5 (1976) ("[B]ecause the agreement here did provide for a 20–percent fee, the [WCJ]'s only function was to approve that fee as reasonable per se, in accord with the express wording contained in Section 442 [5] ... [5] Of course, had appellant initially petitioned the Board, rather than the [WCJ], for his 20–percent fee, it would have been within the scope of the Board's authority to have approved such a petition as reasonable per se.").

However, "[i]f a claimant and his attorney have not agreed on counsel fees or if the agreement provides for counsel fees in excess of 20 percent of the amount awarded, the official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding 20 percent of the amount awarded." *Id.* at 915 n. 6. *See also* Section 442 of the Act, 77 P.S. § 998 ("[T]he official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official."). Although the reasonableness and extent of the amount awarded as attorney fees under Section 442 is a finding of fact to be made initially by a WCJ, this determination is subject to review on appeal to the Board and, ultimately, is subject to further review on appeal to this Court. *See, e.g., Piergalski; Munroe v. Workmen's Compensation Appeal Board (H & G Distributing Company),* 151 Pa.Cmwlth. 465, 617 A.2d 88

(1992), *petition for allowance of appeal denied,* 536 Pa. 634, 637 A.2d 294 (1993); *Miller; Raulston v. Workmen's Compensation Appeal Board (Tri–State Motor Transit),* 146 Pa.Cmwlth. 635, 606 A.2d 668 (1992); *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 141 Pa.Cmwlth. 253, 595 A.2d 697 (1991); *General Machine Products Co.*

Based on the foregoing, it is clear that Petitioners can pursue further review of the attorney fees awarded by the WCJs in these cases through appeal to the Board and, ultimately, through appeal to this Court. Although the Board is not empowered to reverse the WCJs' decisions in this regard on constitutional grounds, the Board could award fees that are consonant with the terms of the contingency fee agreements on the basis that the WCJs' findings are not supported by substantial evidence, or that the WCJs erred as a matter of law in determining the amount of the fees that were awarded. Likewise, on further appeal from the Board's determination, this Court could reverse the WCJs' decisions on the same grounds.

Moreover, if Petitioners were to prevail in such proceedings, and attorney fees are awarded pursuant to the provisions of the contingency fee agreements between Petitioners and the claimants, it would render moot any of the purported constitutional violations that are asserted in the instant petition for review. *See County of Berks ex rel. Baldwin,* 544 Pa. at 551–552, 678 A.2d at 360 ("[F]urthermore, the PLRB could accept the County's contention that all members of the bargaining unit are managerial and/or confidential employees who are precluded from joining any bar-gaining unit under [Public Employee Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101—1101.2301]. This would provide the County with the remedy that PERA would not be applied to the assistant district attorneys or the assistant public defenders; such a remedy would render moot any concerns the County has over whether application of PERA to these parties infringes on this court's exclusive jurisdiction over the regulation of attorneys ...").

In short, because Petitioners possess an adequate administrative remedy that was not exhausted prior to the filing of the instant petition for review, the preliminary objection of the Commonwealth Respondents should be sustained, and the petition for review should be dismissed. *County of Berks. See also Larry Pitt & Associates v. Long,* 716 A.2d 695, 700 (Pa.Cmwlth. 1998) ("[T]he trial court properly ruled that Pitt's issues regarding attorney's fees are, however, still before the Board. It would have been improper for the trial court to make a determination on the same issue pending before the Board, based upon the doctrine of exhaustion of administrative remedies before the right of judicial review arises. [*Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 73, 422 A.2d 141, 144 (1980) ]. The trial court should defer judicial review where the question presented is apparently one within an agency's specialization and where the administrative remedy is likely to produce the desired result. [*National Solid Wastes Management Association* ].").[12]

---

**12.** This disposition is further supported by the provisions of Section 7541(c)(3) of the DJA which states, in pertinent part, that "[r]elief shall not be available under this subchapter with respect to any ... [p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c)(3). This Court had the opportunity to consider the application of Section 7541(c)(3) in *Parker.*

In that case, a petition for review seeking declaratory and injunctive relief was filed in our original jurisdiction. The claims raised

Accordingly, the preliminary objection of the Commonwealth Respondents relating to Petitioners' failure to exhaust administrative remedies is sustained; the petition for review is dismissed.[13]

Judges COLINS and SMITH dissent.

### ORDER

AND NOW, this *30th* day of *October*, 2001, the preliminary objection of Johnny Butler, Secretary of the Pennsylvania Department of Labor and Industry, and Richard Thompson, Director of the Pennsylvania Bureau of Workers' Compensation, to the petition for review filed in our original jurisdiction by Larry Pitt & Associates, P.C. and Larry Pitt, Esq., is sus-

---

therein related to the application of Section 402.5 of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. 2897, *as amended*, 43 P.S. § 802.5, *added by* Act of July 1, 1985, P.L. 96. The action was commenced by workers who had been determined to be ineligible for unemployment compensation benefits under Section 402.5 of the Law based on a determination that they were seasonal workers in fruit and vegetable food processing. The workers commenced a class action on behalf of themselves and all workers who had been determined to be or may, in the future, be determined to be ineligible for benefits under Section 402.5 of the Law. The workers asserted that the enactment and application of the provisions of Section 402.5 violated a number of provisions of the United States and Pennsylvania Constitutions.

The respondents in *Parker* filed preliminary objections in which they alleged, *inter alia*, that the workers were precluded from obtaining declaratory relief under Section 7541(c)(3) of the DJA. In particular, the respondents asserted that the action was truly a disguised appeal of the orders of the Unemployment Compensation Board of Review in which the workers were determined to be ineligible for benefits pursuant to Section 402.5 of the Law.

In overruling this preliminary objection, this Court stated the following:

 Concerning the claim regarding Section 7541(c)(3), it is clear that the purpose of this subsection is to prevent the use of a declaratory judgment action as a vehicle for

---

tained, and the petition for review is dismissed.

FRIEDMAN, Judge, Concurring and Dissenting.

Like the majority, I would dismiss the petition for review in this case; thus, I concur in the result. However, I respectfully dissent because I believe that the majority has misconstrued the rule of law governing the exhaustion of administrative remedies. Based on my understanding of the doctrine, I conclude that it was not necessary for Larry Pitt & Associates, P.C. and Larry Pitt, Esquire (Petitioners) to exhaust their administrative remedies

---

collaterally attacking a decision of an administrative tribunal. Here, however, the petitioners are not collaterally attacking the prior determinations of the [Department of Labor and Industry's] administrative tribunals that they were ineligible for benefits under Section 402.5. Rather they seek purely prospective relief in the form of a declaration that Section 402.5 and action taken thereunder is unconstitutional, justifying an injunction against future denial of benefits pursuant to said statute. Thus, the petition cannot be classified as a "disguised appeal" from the prior orders of the Department's administrative tribunals.

*Parker*, 540 A.2d at 319–320.

In contrast, in the instant case, Petitioners are seeking review of the WCJs' decisions which limited the attorney fees awarded in prior proceedings. Thus, it could be argued that the instant matter is merely a "disguised appeal" from the WCJs' decisions, and that Petitioners are merely using the instant declaratory judgment action as a vehicle to collaterally attack the WCJs' decisions. In such a case, declaratory relief is also be precluded pursuant to the provisions of Section 7541(c)(3) of the DJA.

**13.** Based on the disposition of the Commonwealth Respondents' first preliminary objection relating to the exhaustion of administrative remedies, we will not consider the second preliminary objection that was raised in this matter.

before filing their petition for review in this case. Thus, unlike the majority, I would overrule Respondents' preliminary objection challenging the subject matter jurisdiction of this court. As to Respondents' demurrer, for the reasons set forth below, I would sustain the preliminary objection and dismiss the petition for review.

## I. Exhaustion of Administrative Remedies

In cases involving constitutional issues, the Pennsylvania Supreme Court has recognized three exceptions to the exhaustion of administrative remedies doctrine. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 546 Pa. 315, 684 A.2d 1047 (1996).

> The first exception is where the jurisdiction of an agency is challenged. The second exception is where the constitutionality of a statutory scheme or its validity is challenged. The third exception is where the legal or equitable remedies are unavailable or inadequate, or the administrative agency is unable to provide the requested relief.

*Id.* at 331, 684 A.2d at 1054 (citations omitted). Because I believe that the second and third exceptions are applicable here, I would overrule Respondents' preliminary objection to this court's subject matter jurisdiction.

### A. Second Exception

With respect to the second exception, our supreme court has stated that the exhaustion of administrative remedies doctrine will not bar a court's equitable intervention where there is both a substantial question of constitutionality and the absence of an adequate statutory remedy. *Commonwealth ex rel. Nicholas v. Pennsylvania Labor Relations Board*, 545 Pa. 288, 681 A.2d 157 (1996). A substantial constitutional challenge is a challenge to the validity of the statute's scheme or remedy and not simply a challenge to the application of the statute to a particular party. *See Cherry v. City of Philadelphia*, 547 Pa. 679, 692 A.2d 1082 (1997); *Rochester & Pittsburgh Coal Company v. Board of Assessment and Revision of Taxes of Indiana County*, 438 Pa. 506, 266 A.2d 78 (1970); *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections*, 158 Pa.Cmwlth. 221, 631 A.2d 767 (1993), *aff'd*, 536 Pa. 544, 640 A.2d 413 (1994); and *Giffin v. Chronister*, 151 Pa. Cmwlth. 286, 616 A.2d 1070 (1992). An administrative remedy is inadequate if it either (1) does not allow for adjudication of the issue raised or (2) allows irreparable harm to occur to the plaintiffs during the pursuit of the statutory remedy. *Commonwealth ex rel. Nicholas.*

Here, Petitioners challenge the constitutionality of the scheme set forth in section 442 of the Workers' Compensation Act[1] (Act), arguing that it violates the separation of powers doctrine by allowing officials of the executive branch of government to review contingency fee agreements between attorneys and their clients. Therefore, Petitioners have set forth a substantial constitutional challenge. Moreover, Petitioners do not have an adequate administrative remedy in this case because the Workers' Compensation Appeal Board (WCAB) may not adjudicate the constitutionality of a provision of the Act. *See Berninger v. Workers' Compensation Appeal Board (East Hempfield Township)*, 761 A.2d 218 (Pa.Cmwlth. 2000) (stating that the WCAB has no jurisdiction to determine the constitutional validity of its own enabling legislation), *appeal denied*, 565 Pa. 650, 771 A.2d 1287 (2001). Inexplicably, the majority does

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 998.

not address the second exception to the exhaustion of administrative remedies doctrine. Nevertheless, because the second exception applies in this case, Respondents' preliminary objection to the subject matter jurisdiction of this court should be overruled.

## B. Third Exception

With respect to the third exception, our supreme court has stated that a litigant must exhaust administrative remedies if the litigant "can achieve full relief in front of the agency" or if the litigant has "a forum through which it could obtain the very relief it ultimately desires." *County of Berks ex rel. Baldwin v. Pennsylvania Labor Relations Board,* 544 Pa. 541, 551–52, 678 A.2d 355, 360 (1996). In *County of Berks,* which the majority relies upon here, the court held that the County could obtain the very relief it ultimately desired with respect to the constitutional issues presented. The court explained its holding as follows.[2]

> The County . . . . can attain from the PRLB the remedies it requests. In resolving the County's pending petition for unit clarification, the PLRB could, for example, divide the unit into two units, one consisting of assistant district attorneys and the other consisting of assistant public defenders. Such a remedy could fully address the County's concerns raised in Count I that the combined bargaining unit could violate the Sixth Amendment rights of criminal defendants.[3] Furthermore, the PLRB could accept the County's contention that all members of the bargaining unit are managerial and/or confidential employees who are precluded from joining

any bargaining unit under PERA. This would provide the County with the remedy that PERA would not be applied to the assistant district attorneys or the assistant public defenders; such a remedy would render moot any concerns the County has over whether application of PERA to these parties infringes on this court's exclusive jurisdiction over the regulation of attorneys.

*Id.* at 551–52, 678 A.2d at 360. In other words, *County of Berks* stands for the proposition that, where an administrative agency can fashion a remedy that would cure the alleged constitutional infirmities, the remedy provides "full relief."

In contrast to the PLRB in *County of Berks,* the WCAB in this case cannot provide "full relief" or "the very relief" Petitioners ultimately desire. Petitioners ask this court (1) to declare the executive branch's review of contingent fee agreements under section 442 of the Act to be unconstitutional, (2) to enjoin the executive branch from interfering with such agreements in workers' compensation matters and (3) to direct the payment of attorney fees pursuant to the agreements. Because the WCAB cannot adjudicate the constitutionality of a provision of the Act, *Berninger,* it is obvious that the WCAB could not declare its authority to review contingent fee agreements provided by section 442 unconstitutional. Therefore, it could not enjoin itself from reviewing such agreements. Just as obvious, it could not enforce those same agreements. Because the WCAB cannot provide "full relief" here, the third exception to the exhaustion of administrative remedies doctrine applies. For this reason also, the prelimi-

---

**2.** I note that the majority opinion quotes extensively from *County of Berks* but omits the Supreme Court's analysis as to whether there was an adequate administrative remedy. (*See* Majority op. at 1099.)

**3.** The Sixth Amendment to the U.S. Constitution pertains to the right to counsel in criminal proceedings.

nary objection to this court's subject matter jurisdiction should be overruled.[4]

Inasmuch as I would overrule Respondents' first preliminary objection, I will address Respondents' second preliminary objection, which is in the nature of a demurrer.

## II. Separation of Powers

In their petition for review, Petitioners argue that section 442 of the Act violates the separation of powers doctrine because, in authorizing officials in the executive branch of government to interfere with an attorney's contingency fee agreement, it infringes upon the exclusive power of the Pennsylvania Supreme Court to regulate the practice of law in Pennsylvania. I disagree.

Article V, section 10(c) of the Pennsylvania Constitution provides as follows:

The Supreme Court shall have the power to prescribe *general rules* .... for admission to the bar and *to practice law* .... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant. .... All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Pa. Const. art. V, § 10(c) (emphasis added). Pursuant to Article V, section 10(c), our supreme court has promulgated the Pennsylvania Rules of Disciplinary Enforcement. *See* Pa. R.D.E. 103.

Rule 203(a) states: "Acts or omissions [by an attorney] .... which violate the

Disciplinary Rules, shall constitute misconduct and shall be grounds for discipline. ...." Pa. R.D.E. 203(a). Rule 102(a) indicates that the phrase "Disciplinary Rules" refers to the provisions of the Rules of Professional Conduct. Pa. R.D.E. 102(a). Rule 1.5(c) of the Rules of Professional Conduct (emphasis added) provides, in pertinent part, as follows:

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or *other law.....*

The comment to Rule 1.5 explains: "Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage."

Thus, in prescribing general rules for the practice of law under the Pennsylvania Constitution, our supreme court has decided to prohibit contingent fees in particular cases.[5] However, the court also has decided that, where the legislature believes it is necessary, for policy reasons, to further restrict contingent fees, the legislature may enact laws providing more specific regulation. As an example, the comment to Rule 1.5 states that the legislature may set a ceiling on the contingency fee percentage.

Here, in section 442 of the Act, the legislature set a twenty percent ceiling on the contingency fee percentage in workers' compensation cases, with the possibility of a greater percentage for cause shown. Section 442 of the Act, 77 P.S. § 998 (emphasis added), provides:

---

**4.** In addressing the third exception, the majority states that Petitioners have an adequate remedy before the WCAB because the WCAB could award Petitioners the attorney fees set forth in their contingency fee agreements on some other grounds. (Majority op. at 1101.) However, this would not provide Petitioners "full relief." Petitioners want an order de-

claring a decision of the WCAB relating to attorney fees to be unconstitutional and enjoining such decisions in the future.

**5.** Rule 1.5(c) refers to paragraph (d), which prohibits contingent fees in certain domestic relations matters and in criminal cases.

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, *shall be approved* by the workers' compensation judge or board as the case may be, *providing the counsel fees do not exceed twenty per centum of the amount awarded.* The official conducting any hearing, *upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum* of the amount awarded at the discretion of the hearing official.

This is not a violation of the separation of powers doctrine because, under Rule 1.5(c), the Pennsylvania Supreme Court explicitly permits legislation like section 442 of the Act.

Accordingly, although I would overrule Respondents' preliminary objection to this court's subject matter jurisdiction, I would sustain Respondents' preliminary objection in the nature of demurrer and dismiss the petition for review.